(33 South. 47.)

No. 14,567.

STATE v. WINTERS.

(Nov. 17, 1902.)

JURY—DRAWING—PUBLICATION OF LISTS.

1. The provisions of Act No. 135 of 1898, requiring the publication of lists of jurors, relate to jurors originally drawn for service at the sessions of the court regularly fixed, as provided by Act No. 163 of the same year, and do not apply to jurors drawn to serve at special sessions ordered by the judge, or for the purposes of continuous regular sessions.

(Syllabus by the Court.)

Appeal from judicial district court, parish of Catahoula; D. N. Thompson, Judge.

Ed. Winters was convicted of murder, and appeals. Affirmed.

H. Bullard Taliaferro and Riley J. Wilson, for appellant. Walter Guion, Atty. Gen., and L. A. Thompson, Dist. Atty. (Lewis Guion, of counsel), for the State.

Statement of the Case.

MONROE, J. The defendant, having been tried for murder and found guilty, without capital punishment, appeals from a sentence of imprisonment for life.

It appears from the record that before entering upon the trial he challenged the entire array of jurors, and moved to quash the same on the ground that the jurors by whom he was to be tried had not been drawn a sufficient length of time in advance to allow a proper publication of the list, and that the list had not been published.

It also appears that the court met "in regular session" upon April 7, 1902, and "on account of the small-pox scare" adjourned until the first Monday in June, when the charge was delivered to the grand jury; that upon June 3d the indictment was brought in against the defendant, and that upon June 9th the following order was entered, viz.:

"It is ordered that a special term be * * * called for Monday, July 14, 1902; * * * that the jury commission * * * assemble * * * on Monday, June 30, 1902, and draw * * * the names of 30 persons to serve as petit jurors for the week beginning Monday, July 14th, and the names of fifty persons * * * to serve as additional or tales jurors for said week. * * * It is further ordered that the said jury commission * * * draw the names of 30 persons * *. * to serve as petit jurors at said term, beginning Monday, July 21, 1902."

And the court then adjourned until July 14th.

It further appears that the defendant's challenge was overruled, and that a bill of exceptions was reserved, and that the judge a quo, in signing the same, gave the following reasons, to wit:

"The order of court rendered at the fall term directed the jury commissioners to assemble on June 30th to draw a jury to serve for the weeks beginning July 14th and 21st. It was not possible to dispose of all the criminal cases on the docket at the June term, and, the jury for that term having expired by limitation, the jury by which the accused was tried was ordered drawn to serve the week commencing July 14th. The July term was a continuance of the term, and the jury drawn was not required to be published under the jury act of 1898."

He further states that the defendant has not shown that he suffered any injury from the matters of which he complains. It is admitted that the defendant was tried by jurors drawn to serve during the week beginning July 14th, and that no list of such jurors was published.

## Opinion.

Act No. 163 of 1898, being an act to carry into effect article 117 of the constitution, provides, among other things, that "in districts composed of more than one parish * * * the district judge shall, by an order of court, fix a date for the holding of the session in each parish, which order shall be entered on the minutes of the court, and published," and that no change with respect to the session so fixed shall be made within a year; but it also provides that such fixing of sessions shall not affect the authority of the judge to hold court at any time, in any parish of his district, when public interest may require it.

Construing this statute with that for the regulation of juries, enacted during the same session of the general assembly (being Act No. 135), it is evident that, with respect to the jurors drawn to serve during the regular sessions of the court, as fixed according to the provisions of Act No. 163, the law contemplates that lists shall be published; but it is equally evident that, with respect to jurors whom the judge may find it necessary to have drawn to serve either during special sessions of the court, or during continuous regular sessions, when the original lists may be exhausted, it does not contemplate such publication.

Thus, section 4 of Act No. 135, after providing in general terms for the drawing of jurors and the publication of the list, further provides:

"And that * * * whenever the judge shall deem proper * * * to direct the commission to draw additional jurors for service during any session of the court, or during a continuous session, no publication of the list shall be necessary."

And so section 11 provides: "That, whenever the district judge thinks proper he shall require the jury commission to select additional jurors, or talesmen, pursuant to the formalities prescribed in section 4 of this act,

except as to the publication of the list of jurors so drawn, which shall not be necessary."

And section 14 contains a clause reading: "The judge being fully vested with power and authority to direct the commission to draw additional jurors for service whenever, in his opinion, the public interest may require it, which order shall always be entered on the minutes of the court."

It is immaterial, therefore, in the present case, whether the session beginning July 14th be considered a continuous session or a special session. It is sufficient that the judge was authorized to hold court at that time, if the public interest required it, and to have jurors drawn to transact its business; and, so far from the law requiring it, the publication of the list of jurors so drawn is expressly declared to be unnecessary. Beyond this the defendant complains of no fraud or specific injury, and there is nothing in the record to indicate that the one was perpetrated or the other sustained.

The judgment appealed from is therefore affirmed.