LAND, J.
The defendant was indicted for incest, tried, convicted, and sentenced. On appeal, the verdict and sentence were reversed. See 117 La. 121, 41 South. 436. Defendant was tried anew, convicted and sentenced, and has appealed. The case comes up on a bill of exception to the refusal of the judge to sustain defendant’s motion to quash the special venire drawn, and summoned to *469 attend a called or special term of the court to begin on Monday, December 3,1906. Counsel for defendant say in their brief:
“There is only one point at issue in this case, and that is the legality of the so-called special term of court.”
On November 10, 1906, the judge ordered a jury to be drawn in accordance with law to serve at a term to begin on the 3d of December, 1906. The jury was drawn, and the list published, but not for 30 days. According to a previous order of the court the regular jury terms were fixed for second Mondays in February and October and the regular civil terms for second Mondays'in April, June, and December. The contention of defendant is that the calling of special terms is governed by sections 1931 and 1932 of the Revised Statutes of 1870; the last section requiring notice of publication in one or more newspapers, and by posting on the door of the courthouse “at least 30 days before the commencement of the term.” If this law is in force, it is evident that there was a noncompliance with its provisions, as the order for the special term was given on November 10, 1906, less than 30 days before the commencement of the special term, and it was neither published nor posted.
It is contended by the state that these sections have been repealed or superseded by the provisions of the Constitution of 1898, and legislation enacted in pursuance thereof.
Article 117 of the Constitution of 1898 reads in part as follows:
“District courts shall hold continuous sessions during 10 months of the year. In districts composed of more than one parish, the judge shall sit alternately in each parish, as the public business may require.”
This article in making the sessions continuous abrogated the practice of holding separate terms of court. Act No. 163, p. 320, of 1898, passed for the purpose of carrying out the provisions of said article, after providing that the judge shall fix a date for holding sessions in each parish, further enacted:
“That the fixing of sessions in the districts composed of more than one parish shall not affect the authority or duty of the judge to sit at any time in any of the parishes of his district when the public business may require it.”
In the same section the Legislature declares that it is the intent and meaning of the Constitution that:
“District courts shall always be open, and the proceedings held to be in open court, while the judge is on the bench.”
It is significant that the word “term” is not used either in the Constitution or the statutes.
The judge is not only authorized to hold court at any time in any parish of his district, when public interest may require it, but, also, whenever he thinks proper to order the commission to draw additional jurors for service during any session of the court or during a continuous session.
In such a case the statute dispenses with publication. Act No., 135, p. 218, of 1898, § 4. In State v. Winters, 109 La. 3, 33 South. 47, the court said:
“It is immaterial, therefore, in the present case whether the session beginning July 14th be considered a continuous session or a special session. It is sufficient that the judge was authorized to hold court at any time, if the public interest required it, and to have jurors drawn to transact its business.”
One of the objects of the Constitution and the statute was to get rid of the expense and delays of distinct terms of court, by providing for a continuous session of 10 months, by authorizing the judge to hold court at any time, and by empowering him to direct the drawing of additional jurors for service, whenever, in his opinion, the public interest may require it.
The objection raised by the motion to quash is not good in law, and there is no suggestion that the accused was prejudiced by the order of the court in question.
Judgment affirmed.