LAND, J.
Defendant convicted of murder, without capital punishment, appeals from a sentence of imprisonment at hard labor for life, and relies for reversal on several bills of exception.
1. The indictment was returned by the grand jury on November 18, 1907, and on November 19, 1907, the defendant was arraigned without prejudice and pleaded not guilty. On the 21st of the same month the defendant moved to quash the indictment on the ground that the grand jury was without legal authority to act in the premises, because the term at which the indictment was found was not a regular criminal term of the court, but a special term not regularly ordered and notified. The evidence taken on this motion to quash shows that the regular criminal term to commence on the fourth Monday in August, 1907, was not held, but was adjourned. There is some dispute as to whether or not the court was adjourned sine die by the sheriff, but the evidence is clear that the judge ordered the court to be adjourned until the second Monday in November, and instructed that a venire of jurors be drawn and summoned for that date. The clerk, through inadvertence, did not enter the order on the minutes. It further appears that this adjournment was made at the unanimous request of the members of the local bar and of the officers of the court. On the trial of the motion to quash the judge ordered the clerk to correct the minutes of the regular term to show what had occurred. The record does not show, but the presumption is that the minutes were corrected as ordered.
Under the Constitution of 1898, the sessions of district courts, outside of the parish of Orleans, are continuous during 10 months of the year. The fixing of sessions in districts composed of more than one parish does not affect the authority of the judge to sit at any time in any of the parishes of his district when the public business may require it. District courts are always open, and the proceedings held to be in open court, while' the judge is on the bench. State v. Freddy, 118 La. 468, 43 South. 53. Hence, during the 10 months, the session in law is continuous, and the designation of certain weeks for civil or criminal business is merely for convenience. The correction of the minutes disposes of this bill, but, if it were otherwise, we see no legal objection to the, court sitting at any time to try the cause, provided the parties had sufficient notice of the hearing.
2. The motion to set aside the fixing of the case is without merit. On March 31, 1908, the cause was fixed for trial on April 27,. *1054 1908. The junior counsel for defendant was present and made no objection. The remedy of defendant was by proper showing for a continuance when the case was called.
3. Defendant’s motion for a continuance is based on the absence of his witnesses from the parish and state. The motion recites that said witnesses are in the state of Texas where they reside, but that defendant can locate and obtain the presence of these witnesses at the next term of the court. The trial judge ruled that no good reasons were shown for a continuance.
The authorities discountenance continuances on the ground of the absence of witnesses who are not within the process of the court. In such cases an affirmative showing should be made strong enough to convince the court that the evidence is material and admissible; that due diligence has been exercised; and that the absent witnesses can and will be produced at the future time. State v. Duffy, 39 La. Ann. 419, 2 South. 184. On a much stronger showing, it has been held that the question of a continuance on the ground of the absence of nonresident witnesses is a matter within the discretion of the trial judge. State v. Nash, 45 La. Ann. 1139, 1140, 13 South. 732, 734.
The motion for a new trial raises no questions of law for review.
Judgment affirmed.