BREAUX, C. J.
Plaintiff claims the amount of two notes made by defendant and secured by mortgage. There were five notes altogether, secured by mortgage, on which plaintiff instituted suit.
Defendant defended these suits on the ground that these notes were given by her for the debt of her husband.
The case was tried twice. In the first trial, the judge of the district court decided that plaintiff was entitled to one note upon which the suit had been brought, as it had been transferred to him (plaintiff) prior to maturity.
From the decision, an appeal was taken to this court.
The case was thoroughly considered, and the claim of plaintiff to recovery upon the five notes was recognized. On rehearing, the decretal part of the judgment was reversed, and the case was remanded for a second trial in the district court. It was tried, and the district court decided that plaintiff was entitled to the amount of two notes, transferred before maturity, instead of one, and denied that plaintiff had a right to recover on the other notes upon which suit had been brought.
Kohlman v. Cochrane, 123 La. 233, 48 South. 914, is the title of the first case. It contains a complete statement of all the pertinent facts of the case. They are dwelt upon with some particularity both on the first hearing and on the rehearing. Views are expressed in regard to the validity of the notes transferred before maturity. There was no difference of opinion expressed upon the subject. The court was unanimous.
In the appeal now before us, plaintiff filed *306 no answer, and did not ask to have the judgment amended. It follows that the amount is reduced to the sum of the two notes — one for $800 and the other for $900' — • transferred before maturity. The other notes do not present an issue for consideration on this appeal, as no motion was made on appeal to amend. We have only to consider the claim arising under the two notes transferred before maturity.
In the cited ease above, the court expressed the opinion that a third person, who held notes of which he became the owner before maturity in good faith, was entitled to recover upon them; that they were accepted in commerce in this instance because they had not matured; that the fact that a married woman appeared before a judge of competent jurisdiction, and declared under oath that the amount for which she desired to execute a mortgage was for her exclusive right and benefit, concluded her from saying that that to which she had sworn was not true, and from setting aside a mortgage, if the notes and the mortgage had fallen into the hands of a third person without the least notice.
On the first appeal, plaintiff testified that the notes were transferred to him before maturity, and there is no evidence to the contrary.
These negotiable values would be of very little value in commerce, if they could be attacked by a married woman, who seeks to set them aside despite her own solemn declaration that they were to be issued for full consideration to be received by her. We consider that the question has really been closed by the opinion expressed in the decision cited above. It was laid down clearly that a married woman could not be permitted to avail herself of a statement of facts varying from that made to the judge for a certificate authorizing her to mortgage her property; that she cannot be treated as an irresponsible party; that She must observe the rules relating to the truth which generally obtain in business transactions. Were it otherwise, it would unsettle the commercial laws in so far as married women are concerned, who take part in putting commercial papers into circulation.
The decision cited above in the opinion remanding the case did not change any of its expressions. The purpose was to hear further evidence. There was no intention, particularly on the rehearing, of leaving open any question for decision in regard to which the court had clearly expressed itself. As before stated, two notes had been transferred before maturity. As to them, the matter was closed. There were other notes transferred after maturity. As to these, further testimony, it was held, was necessary in determining the issues, for the reason that as to the latter, if the consideration is as contended by defendant, they could not be recovered upon. But, these notes having been eliminated, there remains only the question that we have above decided.
For reasons stated, it is ordered, adjudged, and decreed that the judgment appealed from be and the same is hereby affirmed.