(68 South. 747)

No. 21322.

CARR et al. v. LOUISIANA CENTRAL LUMBER CO. et al.

In re LOUISIANA CENTRAL LUMBER CO.

(May 10, 1915. Rehearing Denied June 7, 1915.)

*(Syllabus by the Court.)*

COURTS ⟨⟩63, 65—SESSIONS OF COURT—PROCEEDINGS IN OPEN COURT.

Under the Constitution of this state, the district courts are in continuous session during ten months of the year, and all proceedings had while the judge is on the bench are had in open court. The fixing of sessions in a district composed of more than one parish does not interfere with the authority of the judge to sit in any parish at any time when the public business requires it.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 208–217, 230, 246; Dec. Dig. ⟨⟩63, 65.]

Certiorari from Thirtieth Judicial District Court, Parish of Caldwell; George Wear, Judge.

Action by P. W. Carr and others against the Louisiana Central Lumber Company and others. A preliminary default was entered, and defendant Lumber Company applies for writs of certiorari and prohibition. Rule dismissed.

Stubbs, Russell & Theus, of Monroe, for appellant. George Wear, Jr., of Jena, for respondent.

O'NIELL, J. From a judgment sustaining a demurrer or exception of no cause of action and dismissing this suit, the plaintiffs heretofore prosecuted an appeal. The judgment of the district court was reversed, and the case remanded for trial. See Carr et al. v. Louisiana Central Lumber Co., 136 La. 1025, 68 South. 113. Soon after the case was remanded the plaintiffs obtained an order from the district judge directing the defendant to show cause why certain books and records in the defendant's possession should not be produced, to be used as evidence in the case. The rule was made returnable on a day not within a regular term of the court. Court was opened on the return day of the rule; the defendant filed an answer to the rule; it was immediately taken up and tried, and judgment rendered, making the rule absolute and ordering the defendant to produce the books in court on the day of trial. Thereupon the plaintiffs moved for a judgment by default, to which the defendant objected on the ground that a preliminary default could only be entered during a regular term of the court. The objection was overruled, and the preliminary default entered upon the minutes of the court; to which ruling and order, the defendant's counsel reserved a bill of exception. Plaintiffs' counsel then asked that the case be fixed for trial on the third day of the next regular term— 19 days from the date of the motion and proceedings now complained of. Defendant's counsel objected to having the case fixed for trial, on the ground that the suit had not been answered or put at issue. The objection was overruled, and the case fixed for trial; to which ruling and order the defendant's counsel again reserved a bill of exception, and gave notice that he would make this application for writs of certiorari and prohibition.

In his answer to the rule to show cause why the writs should not issue, the respondent judge calls our attention to the fact that this is a suit to increase a tax assessment of the defendant's property.

Section 24 of Act No. 170 of 1898 provides that suits for the reduction of assessments are to be tried without delay and at chambers, if necessary. And in the same paragraph the statute provides that any taxpayer shall have the right to appear before the board of reviewers and call in question any assessment on the roll if he considers such assessment too low, and shall have the right to appeal from the decision of the assessor or board of reviewers to the courts at his own cost. Although the law provides that a suit by a taxpayer to reduce the assessment of his property may be tried at chambers, it does not provide that a suit by one taxpayer to increase the assessment of another taxpayer's property may be tried at chambers.

Our opinion, however, is that the district court was in session during the proceedings complained of, and that the judge had authority to order the preliminary default entered in this case.

Article 117 of the Constitution provides that the district courts shall hold continuous sessions during ten months of the year, and that, in districts composed of more than one parish, the judge shall sit alternately in each parish as the public business may require. The Thirtieth judicial district, in which this suit is pending, is composed of two parishes, Caldwell and La Salle. Section 3 of Act No. 163 of 1898, carrying out the provisions of article 117 of the Constitution of 1898, provides:

"That it is the intent and meaning of article 117 of the Constitution that district courts shall always be open and the proceedings held to be in open court, while the judge is on the bench and that the fixing of sessions in districts composed of more than one parish shall not affect the authority or duty of the judge to sit at any time in any of the parishes of his district when the public interest may require it."

In the case of State v. Freddy, 118 La. 468, 43 South. 53, affirming State v. Winters, 109 La. 3, 33 South. 47, the proceedings were held valid, under the above-quoted provisions of the Constitution and statute of 1898, where the district judge, out of a regular term, opened court, ordered the jury commissioners to draw a special jury, and tried the defendant for the commission of a felony. In the case of State v. Thompson, 121 La. 1051, 46 South. 1013, it was held that the designation of certain terms for civil business and other terms for criminal business was merely a matter of convenience; that the district court was always open; and that an indictment for murder found and returned at a time not designated as a criminal term was valid.

The entering of the preliminary default was a tacit joinder of issue, and the case was then in a situation to be set down for trial. It then stood fixed only for confirmation of the judgment by default, and the fixing of the date of trial might be set aside by the filing of an answer by the defendant at any time before confirmation of the judgment by default.

Our conclusion is that the proceedings complained of in this case were entirely regular.

The rule issued herein is dismissed at the cost of the relator.