PROVOSTY, J.
We shall deal with this case only in so far as presented in the briefs.
The case involves oppositions to the account of receivers.
The Metropolitan Bank filed an opposition and took an appeal, but no brief has been filed in its behalf: we assume, therefore, that the opposition has been abandoned.
[1 ] Otto J. Mayer and Charles Karst, mortgage creditors, were not allowed in the account the attorney’s fees stipulated in their favor in their mortgage acts. They opposed on that ground, and were allowed the fees in the judgment appealed from, with rank equal to that of the mortgage.
Robert P. Hyams Coal Company, one of the ordinary creditors, has appealed, and urges that the fees should not have been allowed at all, or at any rate, should not have been accorded a preference over the unsecured debts.
We think the fees were properly allowed as a debt. The two acts of m'ortgage are alike in that each contains the following clause:
“And the said president declared that he does by these presents bind and obligate said company and heirs and assigns to pay and reimburse unto said mortgagee and such person or persons who may be the holder or holders of said promissory note, all such costs, charges, and expenses as said mortgagee or any such holder oi holders shall or may incur or pay, in the event of nonpayment of said promissory note at ma *705 turity; said attorney’s fees, however, to be fixed at 5 per cent, on the amount for which judgment may be obtained.”
The notes were not paid at maturity, and, as a consequence, the mortgagees had to employ counsel; and the fees of such counsel are hy this clause of the act of mortgage fixed at 5 per cent., which is the amount allowed by the judgment. It is said that no judgment has been rendered for the mortgage debt in this case, and that therefore the case is not covered by this clause. But a judgment was rendered for the mortgage debt. It is also said that this clause evidently contemplates that the fees should only be earned in the event of there being a foreclosure proceeding to enforce payment of the mortgage debt, and that there was nothing of the kind. We think the contemplation of the parties was that the mortgagee should be at no expense for lawyers’ fees in connection with his mortgage; that the mortgagor should pay any expense of that kind it might become necessary to incur; and that these fees should be fixed at 5 per cent.
[2] But the lots of ground upon which the mortgages in favor of Otto J. Mayer and the $6,000 mortgage in favor of Charles Karst bore, were sold confusedly, in globo, with the other immovable property of the receivership, without previous appraisement, and it is now impossible to identify the proceeds of the sale of the particular lots upon which the mortgages bore, or in other words, to be certain what amount was realized from the sale of the mortgaged property; and the consequence of this confusion is that no particular part of the proceeds can be attributed to the mortgages; or, in other words, that the mortgages are lost. This principle has so often operated to extinguish privileges that citation of cases on that point can hardly be necessary. It applies equally in the ease of mortgages. Reusch v. Keenan, 42 La. Ann. 419, 7 South. 589.
The judgment will have to be amended so as to place these attorney’s fees with the ordinary debts.
[3] In the brief in behalf of Robert P. Hyams Coal Company, the following contentions are made:
“There was error in allowing the payment of any amount to the various mortgage creditors by preference because their claims had been relegated to the proceeds of the sale of the several lots on which their mortgages bore, and, as all the lots were sold in lump, there was no way of ascertaining the amount of the proceeds upon which the several mortgages bore.
“There was error in not ordering the payment of the legal mortgage of the Hyams Company for $309.83 by priority before the several mortgages including the principal, the interest, and the attorney’s fees allowed on those mortgages.
“There was error in referring the several mortgage claims generally to the entire fund, as those mortgage claims, if allowed at all, as preferred claims, should have been referred only to the proceeds realized from the sale of the real estate and should not cover the proceeds realized from the movable property.”
In the several respects here complained of the judgment simply approved the account; and in these same respects the account was not opposed by Robert P. Hyams Coal Company; therefore these complaints come too late. They are being urged by Robert P. Hyams Coal Company for the first time in the brief in this court. The opposition of said company to the account was restricted to specific items of the account; it did not contain any general clause of opposition.
[4, 5] The evidence shows the amount due on the judgment obtained 'by the Robert P. Hyams Coal Company on February 12, 1912, to be $538.62, with 8 per cent, per annum interest thereon from July 27, 1911, and 10 per cent, on the full amount of the judgment, less a payment of $350. The date of this payment not having been proved, it will have to be held to be the same as that of the judgment. Costs are claimed, and, no doubt, some were incurred in obtaining the judgment; 'but their amount is not proved, and hence none can be allowed.
[6] As this judgment was duly recorded prior to the sale of the property, it bore legal *707 mortgage .upon the immovables, and hence must be given this rank upon the proceeds of the immovables.
The prayer of the opposition is that this judgment be paid by preference over all other claims against the fund to 'be distributed. Inasmuch as it bears mortgage upon this fund, whereas the claim of Otto J. Mayer and the $6,000 claim of Charles Karst are not thus secured, it is entitled to rank these claims here named; but not that of Charles Karst for $1,100 secured by mortgage on the entire immovable property, which ranks it, as being prior in registry. ■ .
The judgment appealed from is therefore set aside in so far as it accords to the attorney’s fees on the Otto J. Mayer claim and the Charles Karst $6,000 claim, a rank equal to these claims, and in so far as it accords to the claims here named, a rank superior or even equal to that of the judicial mortgage in favor of Robert P. Hyams Coal Company, and that in all other respects it be affirmed; and the case i‘s remanded, with instructions to the trial court to recast the account in accordance with the views expressed in this opinion. The costs of this appeal to be paid in equal proportions 'by the receivership and the Metropolitan Bank.
O’NIELL, J., dissents from the decree affirming the judgment ordering the payment by preference out of the entire funds of debts secured by mortgage on only a part of the property sold.