————o————

No. 6828.

## GEO. FANDAL VS. ALBERT G. BAER.

### Syllabus.

Where the holder of two (2) notes, secured by the same mortgage, assigns one of them, he cannot come in competition with the holder of the note assigned in the distribution of the price of sale of the property mortgaged if it is insufficient to pay both notes.

Attorney's fees become due when the holder of the note must employ counsel to collect his note.

Appeal from the Civil District Court, Parish of Orleans, No. 115,077, "Division A," Honorable T. C. W. Ellis, Judge. Affirmed.

W. W. Young, for plaintiff and appellent. Dart, Kernan & Dart, for defendant and appellee. Dinkelspiel, Hart & Davey, attorneys for Civil Sheriff.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

The sole question presented in this case is whether the transferror of one of several concurrent mortgage notes can compete with the transferee in the distribution of the proceeds of sale of property mortgaged.

Plaintiff alleged that he was the holder of a note of **A. G. Baer of $650.00, dated January 9, 1914, payable at one year; that said note together with another note of like amount payable at two years and** (likewise made by A. G. Baer), are secured by the same vendor's privilege according to an Act of J. C. Wenck, Notary, of the same date as the two (2) notes; and he prayed for the seizure and sale of the property mortgaged in order to pay the note held by him. After the regular proceedings the property was **sold for the price of $1030.00,** which was paid to the Sheriff. After the payment of costs, **there remained in his hands $821.98.**

Charles Rauschkolb filed a petition of third opposition. He alleged that he was the holder of the other outstanding note at two (2) years; that in November, 1915, the said plaintiff for full value transferred the note at two (2) years to Louis Mouledous, who immediately sold it to petitioner for the full amount thereof; that the said **plaintiff cannot compete with petitioner** in the distribution of the proceeds of sale of the property mortgaged; that petitioner is entitled to be paid the amount of his note out of the proceeds of sale in preference to the note sued on by plaintiff herein; and he prayed for judgment accordingly.

118

George Fandal averred that he gave the note at two (2) years and another note of $2000 and a balance in money to Louis Mouledous for certain property, and he argued that this was an exchange and not a sale of the note.

There was judgment in favor of the intervenor Rauschkolb and against Fandal as prayed for.

Fandal has appealed.

The testimony estatblished the facts stated above.

In the year 1842 the Supreme Court of this State decided that:

> "Where the holder of a claim secured by mortgage assigns a part of it, he cannot come in competition with his assignee, if the property prove insufficient to pay both. Though he warrant only the existence of the debt at the time of the transfer, it would be contrary to good faith to permit him, after receiving the price from his assignee, to prevent the latter from recovering the amount paid by him."
> (*Salzman vs. His Creditors* 2 R. 241).

This decision has been uniformly approved and confirmed in 20 *A.* 359 (361), 30 *A.* 618, 33 *A* 589, 37 *A* 857 (864) 43 *A.* 287, 44 *A.* 154, 49 *A.* 478, *and* 52 *A.* 972.

The fact that the note was assigned in an exchange cannot alter the rule.

Article 2667 (2637) of the Civil Code provides that:

> "All the other provisions relative to the contract of sale apply to the contract of exchange, and in this last contract each of the parties is individually considered as vendor and vendee."

119

Nor the fact that in endorsing and transferring the notes he stipulated he was not laible for the same, 33 *A.*, 589.

The decision in *Salmen vs. His Creditors* is based upon the opinion of French authors commenting upon Article 2112 of the *Code Napoleon*.

In this case the application of the rule will work absolute justice and equality between the two (2) holders of the notes. For the plaintiff has already received the full value of one of the notes held by him and the intervenor will receive the total amount of his note, thus maintaining the concurrent character of the two notes.

If the plaintiff was permitted to compete with intervenor he would receive the full value of one note from Mouledous, and half of the proceeds of sale from the sheriff upon the other note, thus giving him more than half the proceeds of sale to which alone each note was entitled.

Attorney's fees were properly allowed to the intervenor. His claim was disputed and he had to employ counsel (138 *La.*, 705).

The judgment of the Lower Court is therefore affirmed.

Opinion and decree December 18th, 1916.