No. 3266

Second Circuit

UNION MOTOR CO., INC., v.
WILLIAMS, ET AL.

(May 22, 1928. Opinion and Decree.)

*(Syllabus by the Court)*

1.  **Louisiana Digest—Constitution and Constitutional Law—Par. 11.**

"District Courts * * * shall hold continuous sessions during ten months of the year * * * In each district composed of more than one parish, the judge shall sit alternately in each parish, as the public business may require."

> Section 43, Article VII, Constitution of Louisiana.

2.  **Louisiana Digest—Courts—Par. 57.**

Under the rules of the Third Judicial District Court of Louisiana, that court is in session continuously from the first Monday in September each year until the end of the month of June the following year.

3.  **Louisiana Digest—Citation and Appearance—Par. 7.**

"The delay to be expressed in the citation consists of ten days, to be counted from the time the citation has been served, which are allowed the defendant to comply with the demand of the petition * * * "

> Code of Practice, Article 180.

4.  **Louisiana Digest—Judgment—Par. 31, 35, 38.**

"If the defendant do not appear either in person or by his advocate after the delay provided by law, the plaintiff

may take a judgment by default against him.

Code of Practice, Article 310.

5. **Louisiana Digest—Judgment—Par. 40, 41, 42.**

"If two days (whether judicial or non-judicial, but exclusive of Sundays and legal holidays) after the first judgment has been rendered, the defendant neither appear nor file his answer, definitive judgment will then be given for the plaintiff, provided he prove his demand * * * "

Code of Practice, Article 312.

Appeal from the Third Judicial District Court, Parish of Union. Hon. S. D. Pearce, Judge.

Action by Union Motor Company, Inc., against W. L. Williams, et al.

There was judgment for plaintiff and defendants appealed.

Judgment affirmed.

Dhu Thompson, of Ruston, attorney for plaintiff, appellee.

H. G. Fields, of Farmerville, attorney for defendants, appellants.

## STATEMENT OF THE CASE

REYNOLDS, J. This is an appeal from a judgment refusing to set aside as prematurely rendered a judgment by default and the judgment of confirmation entered thereon.

On December 28, 1927, plaintiff, Union Motor Company, Inc., a corporation, brought this suit against the defendants, W. L. Williams, Harris Williams and Ernie Williams, seeking judgment against them in solido on two promissory notes for $905.24 with interest thereon at the rate of 8 per cent per annum from January 1, 1927, until paid, and 10 per cent on the amount of principal and interest as attorney's fees.

Citation, addressed to each of the defendants, was issued the same day and personal service on each of them was had on December 30, 1927, about thirty miles from the court house in Union Parish.

On January 23, 1928, on motion of counsel for plaintiff judgment by default was entered against all three defendants.

On January 26, 1928, a judgment confirming the default, in words and figures as follows, was read and signed in open court:

"Union Motor Company, Inc.    No. 8932

vs.                In the Third District Court, Union parish,

"W. L. Williams, et al.            Louisiana.

"In this cause, a judgment of default having duly and regularly entered against the defendants, and two clear days having elapsed thereafter without the same being set aside, or answer filed, the plaintiff having proven its demand in open court, and the law and the evidence being in favor thereof, It is ordered, adjudged and decreed that the default heretofore entered herein be now confirmed and made final, and that there be judgment in favor of the plaintiff, Union Motor Company, Inc., and against the defendants, W. L. Williams, Harris Williams and Ernie Williams, in solido, for the full and true sum of nine hundred and five and 24-100 ($905.24) dollars with eight per cent. per annum interest thereon from January 31st, 1927, until paid, and ten per cent additional on the amount thereof as attorney's fees, and for all costs of this suit.

"Thus done, read and signed in open court on this the 26th day of January, A. D. 1928.

                    (Signed) "S. D. Pearce,
                                    "Judge."

On the same day, January 26, 1928, the defendants moved to set aside the judgment by default and the judgment of confirmation and for a new trial, on the following grounds:

"That the judgment rendered herein was prematurely rendered on a default taken the first day of court, with no intervening

term, and in contravention to the rules of this court.

"That this suit was filed in December, service made December 28th, and the first day of the next term of court was on January 23rd, Monday being the first day of said court; and that under the rules of this honorable court a default should have been taken on the 24th or any day thereafter, and that the said default and confirmation were premature, (and) illegal, and the judgment is illegal.

"That the judgment rendered herein is contrary to the law and the evidence; that there should not have been judgment rendered in solido against your defendants."

A trial was had on the motion and there was judgment overruling it and the defendant appealed.

## OPINION

Defendants concede, in their brief, that—

"the time the defendant has to answer rules of course, both in vacation and term time."

and that—

"whenever that delay expires without any answer having been filed a default may be taken";

but contends that a default may not be taken—

"on the first day of the term"

even though the delay for answering have then expired, and that—

"the default * * * was entered * * * and taken * * * on the first day of a regular term of court, as fixed by the court following the induction of the presiding judge of that court into office."

The constitution, section 43 article VII, requires that—

"District Court, * * * shall hold continuous sessions during ten months of the year * * * In each district composed of more than one parish, the judge shall sit alternately in each parish, as the public business may require."

The rules of the Third Judicial District Court were filed in evidence and they show, amongst other things, the following:

"Farmerville, Union Parish, Louisiana, "December 15th, 1924.

"Court met this date pursuant to adjournment, with the following officers present:

"Hon. S. D. Pearce, Judge.

"W. J. Hammons, District Attorney.

"Joe Ramsey, Dy. Sheriff.

"W. B. Dawkins, Dy. Clerk of Court.

"Order I.

"SESSIONS OF THIRD DISTRICT COURT

"It is ordered that the sessions of the Third District Court of the state of Louisiana shall be as follows:

"Beginning with the first Monday in January of the year 1925, and each year thereafter, the court will hold continuous sessions, except during the months of July and August of each year, which two months shall constitute the vacation period of the court; and during the remaining ten months the sitting of the court shall alternate between the parishes of Lincoln, Jackson and Union, and the regular sittings shall be as follows:

*    *    *    *

"Beginning on the third Monday of each month, except vacation months, and continuing for one week, if necessary, the court shall sit in Union parish.

"The fourth week of each month, except vacation months, and the remainder of the time prior to the beginning of the next monthly round, shall be given to the transaction of the business of the court of either of the parishes which may be carried over from that parish for lack of time at the regular sitting to dispose of it, consideration to be given to the more urgent needs of the public business."

The minutes of the Third Judicial District Court of Louisiana while sitting in and for the parish of Union at the sitting immediately preceding that at which the default was taken and of that at which the default was taken reads as follows:

"Farmerville, Union parish, Louisiana, "December 21, 1927.

"Court met this date pursuant to adjournment, with officers present as before. Minutes of December 20th read and approved.

*    *    *    *

"Whereupon court adjourned until 10:00

o'clock A. M., Monday, January 23rd, 1928.

"Read and approved this the 23rd day of January, A. D. 1928.

"Attest:

"W. B. Dawkins,

"Dy. Clerk of Court.     S. D. Pearce,
Judge Third District of Louisiana."

"Farmerville, Union parish, Louisiana.

"January 23rd, 1928.

"Court met this date pursuant to adjournment, with the following officers present:

"Hon. S. D. Pearce, Judge.

"Wm. J. Hammon, District Attorney.

"Joe Ramsey, Dy. Sheriff.

"W. B. Dawkins, Dy. Clerk.

"Minutes of December 21st read and approved.

"No. 8932. Union Motor Co., Inc., vs. W. L. Williams, et al.

On ·motion of plaintiff's counsel, case is defaulted.

"Whereupon court adjourned until 9:00 o'clock A. M. to-morrow morning.

"Read and approved this the 24th day of January, A. D. 1928.

"Attest:

"W. B. Dawkins,         S. D. Pearce,

"Dy. Clerk of Court.         Judge Third District of Louisiana."

In Carr vs. Louisiana Central Lumber Co., 137 La. 419, 68 So. 747, the question was, whether a default taken upon failure to comply with a rule to show cause made returnable on a day not within a regular term of court was valid, and the Court said:

"Our opinion, however, is that the district court was in session during the proceedings complained of, and that the judge had authority to order the preliminary default entered in this case.

"Article 117 of the constitution provides that the district courts shall hold continuous sessions during ten months of the year, and that, in districts composed of more than one parish, the judge shall sit alternately in each parish as the public business may require. The Thirtieth Judicial District, in which this suit is pending, is composed of two parishes, Caldwell and La Salle. Section 3 of· Act No. 163 of 1898, carrying out the provisions of the constitution of 1898, provides:

"'That it is the intent .and meaning of article 117 of the Constitution that district courts shall always be open and the proceedings held to be in open court, while the judge is on the bench, and that the fixing of sessions in districts composed of more than one parish shall not affect the authority or duty of the judge to sit at any time in any of the parishes of his district when the public interest may require it.'

"In the case of State vs. Freddy, 118 La. 468, 43 South. 53, affirming State vs. Winters, 109 La. 3, 33 South. 47, the proceedings were held valid, under the above quoted provisions, of the Constitution and statute of 1898, where the district judge, out of a regular term, ordered the jury commissioners to draw a special jury and tried the defendant for the commission of a felony.

"In the case of State vs. Thompson, 121 La. 1051, 46 South. 1013, it was held that the designation of certain terms for civil business and other terms for criminal business was merely a matter of convenience; that the district court was always open * * * "

To the same effect is Lawrason vs. Swartz, 132 La. 511, 61 So. 382.

Our conclusion is that under the law and the rules of the Third Judicial District Court of Louisiana the. default and judgment entered thereon in this case were valid and consequently the judgment deny-.ing defendants' application for a new trial was correct, and accordingly it is affirmed.