## DEAL v. SOVEREIGN CAMP, W. O. W.
### No. 5058.

Court of Appeal of Louisiana. Second Circuit.

June 4, 1935.

J. Norman Coon, of Monroe, for appellant.

Tobin R. Hodge, of Rayville, for appellee.

DREW, Judge.

Plaintiff instituted this suit against the Sovereign Camp of the Woodmen of the World, a fraternal benefit association, seeking to recover $1,000 as beneficiary under a certificate issued by said association on the life of her husband, who died on October 11, 1932. This suit was filed on April 24, 1934. Plaintiff and her husband were residents of Louisiana and the contract was made and certificate issued in this state.

Defendant filed a plea of prescription of one year, which was sustained after trial by the lower court, and plaintiff has perfected an appeal to this court.

In this court appellee has filed a motion to dismiss the appeal for the reason alleged that the appeal was asked for by motion in open court at a different term from the one in which the judgment was signed, and there was no citation prayed for or had on appellee. The facts set out in the motion, which are correct, are that judgment was signed by the lower court on December 10, 1934, and the appeal granted herein was applied for in open court on February 1, 1935. No citation was asked for or had on appellee.

The rules of court of the Fifth judicial district of Louisiana, consisting of the parishes

of Richland, West Carroll, and Franklin, are in the record and the vacation period is fixed for July and August of each year. The "terms" or "sessions" of court for each of the three parishes are fixed by the rules. The judgment in this case was signed at the regular session held in Richland parish. The court then held a regularly fixed session in one of the other parishes of the district, and when the court in February, 1935, held a regular session again in Richland parish, the motion was made in open court and the appeal granted, without citation.

Counsel for appellee is confused as to the meaning of the phrase "at the same term at which judgment was rendered," as used in article 573 of the Code of Practice. All district courts, Orleans excepted, shall hold continuous sessions during ten months of the year (Constitution of 1921, art. 7, § 43), and the word "sessions" is synonymous with the word "terms," and under article 573 of the Code of Practice, an appeal may be asked for in open court by motion, and granted without the necessity of citation at any time during the same ten-month "session" or "term" of court, provided, however, when the vacation period intervenes between the signing of a judgment and the order of appeal, it can be granted only on petition and citation. David v. Roubion, 8 La. App. 689; Ryland v. H. M. Wheeler Lumber Company, 146 La. 787, 789, 84 So. 55; In re Hamner & Company, Ltd., 169 La. 963, 126 So. 439.

The motion to dismiss the appeal is overruled.

The certificate sued on contains the following provision: "The articles of incorporation, the constitution, laws and by-laws of the association now in force, and all amendments to each thereof which may be made hereafter, the original application for membership, including the medical examination signed by the member, the application for exchange of certificates, and this certificate, shall constitute the agreement between the association and the member; and copies of the same certified to by the sovereign clerk shall be received in evidence as proof of the terms and conditions thereof."

And in the constitution and laws of defendant association, we find section 57, rule 5, to read: "Fifth: No legal proceedings for recovery under a certificate shall be brought within 90 days after receipt of proof of death or disability by the Secretary of the Association, and no suit shall be brought upon a certificate unless said suit is commenced within one year from the date of death or within one year from the date of the rejection of the claim for disability benefits."

Plaintiff contends that the clause in the constitution and laws of defendant association is in no way binding upon her and relies upon Act No. 52 of 1906, as amended by Act No. 227 of 1916, which requires an insurance policy to contain the entire contract between the parties. Her contention in this respect is not well founded for the reason that the act relied upon by her has no application to defendant, a fraternal benefit association. The law applicable here is Act No. 256 of 1912 (Duerson v. Sovereign Camp of Woodmen of the World [La. App.] 152 So. 358), section 4 of which reads as follows: "That except as herein provided, such societies shall be governed by this Act, and shall be exempt from all provisions of the insurance laws of this State, not only in governmental relations with the State, but for every other purpose, and no law hereafter enacted shall apply to them, unless they be expressly designated therein."

And section 8 of the Act provides as follows: "That every certificate issued by any such society shall specify the amount of benefit provided thereby, and shall provide that the certificate, the charter or articles of incorporation, or, if a voluntary association, the articles of association, the constitution and laws of the society and the application for membership and medical examination, signed by the applicant, and all amendments to each thereof, shall constitute the agreement between the society and the member, and copies of the same certified by the secretary of the society, or corresponding officer, shall be received in evidence of the terms and conditions thereof, and any changes, additions or amendments to said charter or articles of incorporation, or articles of association, if a voluntary association, constitution or laws duly made or enacted subsequent to the issuance of the benefit certificate shall bind the member and his beneficiaries, and shall govern and control the agreement in all respects the same as though such changes, additions or amendments had been made prior to and were in force at the time of the application for membership."

Under the above provisions of the said act, the constitution and laws of the defendant association were a part of the contract between it and deceased at the time of his death and were binding upon him, as well as upon his beneficiaries, and since the suit on

the certificate was not filed for more than one year after the death of plaintiff's husband, whom the certificate insured, the plea of prescription of one year is a bar to her recovery. The plea was properly sustained below and the judgment is affirmed, with costs.