No. 2357.—CITY OF BALTIMORE *v.* HENRY PARLANGE—GEORGE MERZ, Third Opponent.

A contractor, who repairs or reconstructs a building whereby the land or lot of ground on which it stands, is enhanced in value, has the same lien and privilege on the building, which the law accords to a contractor on a new building. Where, therefore, the vendor seeks to enforce his lien on the lot of ground for an unpaid portion of the price, the contractor who has made repairs on, and reconstructed the buildings thereon since the sale, may cause a separate appraisement of the buildings from that of the land to be made, and enforce his lien on the buildings, which is superior to that of the vendor's lien on that part of the valuation which is estimated to be in the buildings.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont,* J. *Semmes & Mott,* for plaintiff and appellee. *Hornor & Benedict,* for defendants and appellants.

HOWE, J. This case involves a conflict of privilege between the vendor of lands and the contractor who has, after the sale, repaired or reconstructed the buildings which were on the lands.

In 1859 the city of Baltimore sold to Parlange the lots in question, fronting respectively on Orleans and St. Ann streets, a theatre and ball room, reserving a vendor's privilege and mortgage, with the pact of non-alienation, to secure the unpaid portion of the price.

In 1869 the city of Baltimore took proceedings to collect an unpaid portion of the price, and to enforce its privilege and mortgage, and the property was seized and advertised for sale by the sheriff.

George Merz filed his opposition, claiming, as transferee of Samuel Johnson, a privilege for work done in 1867, under recorded contract, in erecting, repairing and renovating the buildings on the lots which had in the meantime become the property of Bernard Avegno. The work seems to have been rendered necessary by a fire which had occurred on the premises a short time before.

A rule was taken by Merz for a separate appraisement of lands and buildings under the article (3235) of the Code, which prescribes that

when the vendor of lands finds himself opposed by workmen seeking payment for a house or other work erected on the land, a separate appraisement is made of the ground and of the house, the vendor being paid to the amount of the appraisement on the land, and the other to the amount of the appraisement of the building.

It appeared on the trial of the rule that the building on the portion of the property fronting on St. Ann street had been entirely erected under the Johnson contract, and as to this the judge *a quo* ordered a separate appraisement, the propriety of which is not in dispute. As to the portion of the property fronting on Orleans street, the rule was dismissed on the ground, it seems, that the privilege of the contractor and the separate appraisement could not be applied in such a way, in favor of one who had merely made *repairs*, as to encroach on the fund coming to the vendor. From this decision Merz appealed.

The testimony on the rule is not very satisfactory, and would doubtless be made more exact on a regular trial of the opposition. Johnson, the principal witness says, however:

" I repaired the old Orleans ball room and rebuilt the buildings on St. Ann street. They were new buildings. The building on Orleans street was almost rebuilt from the ground up. Those buildings had been burnt almost to the ground. Some parts had to be built from the foundation; had to put foundations in some places. Fully one-half of the whole contract money was expended on the Orleans street building. The place was a wreck."

From this we judge that the repairs on the Orleans street property were necessary and extensive, amounting well nigh to rebuilding. It seems clear that they must have added greatly to the value of the premises which, without them, would not be likely to bring more than the price of vacant property.

The privilege in favor of the contractor is one which exemplifies the intelligent sense of justice which distinguishes the civil law. It is founded on the equitable theory that he who has by his labor or expenditure increased the value of a thing pledged for the payment of a debt, should not be omitted in the distribution of the proceeds of that thing. Dig. 20, 4. *Qui potiores*, etc. By article 2103 of the Code Napoleon this privilege for *repairs*, no less than for building and rebuilding, is recognized; and the commentators seem to agree that it is not primed by that of the vendor; but is to be exercised in such a way as to give the contractor the benefit of the increased value he has given to the property. Duvanton, vol. 19, No. 148 to 199 ; Delvencourt, vol. 3, p. 154; Merlin, Rep. vol. 13, p. 254; Persil, Priv. et Hyp., vol. 1, p. 213.

The practical details of the French system differ from ours, but the principle of justice is the same. By article 3216 of the La. Code the

privilege of contractors employed in constructing, rebuilding or re-
pairing houses and buildings, or making other works on such houses,
buildings or works, by them constructed, rebuilt or repaired,
is fully recognized. By article 3235 a separate appraisement is
provided for when the vendor finds himself opposed by workmen
seeking payment for a house or other work erected on the land.
We are of opinion that the rule of this latter article may be
justly applied to find the pro rata of proceeds due to the maker of
such necessary repairs as have added value to the thing pledged. In
adopting this view we do not, as objected by counsel, extend a
privilege by implication. The privilege clearly exists by article 3216.
It is on the building merely, not on the land. We merely follow the
rule of article 3235 (a rule which would probably exist without the
article), in ascertaining as best we may the proportion of proceeds due
to creditors equally meritorious.

Nor does the pact of non-alienation prevent the subsequent con-
tractor from acquiring a privilege. This point was settled in Jamison
v. Barelli, 20 An. 453.

Nor do we perceive that the fact that Parlange agreed to keep the
buildings insured for a certain sum can affect the question.

It is therefore ordered that the judgment appealed from be reversed,
and that the rule for a separate appraisement, taken by appellant, be
made absolute, plaintiff to pay costs of appeal.