## No. 3117.

### FREDERICK WANG *v.* SPENCER FIELD.

The proceedings in this case appear to have been irregular. The plaintiff founds his right upon the provisions of article 3268 of the Civil Code, and yet he has failed to comply with its provisions. No separate appraisement was made of the lot of ground and the building he claims a privilege upon. The building was sold separately and without any reference to the ground it stood upon; in other terms, as if there were no connection whatever between them and no rights against both existing in other persons. Under this state of facts the sale of the house was a nullity.

APPEAL from the Fourth District Court, parish of Orleans. *Théard,* J. *W. H. Rogers,* for plaintiff and appellee. *Bentinck Egan,* for defendant and appellant.

TALIAFERRO, J. One Herman bought from the defendant, Field, a lot or square of ground and erected a building upon it, Popp & Elliot, lumber dealers, furnishing the lumber used in its construction. They subsequently sued Herman for the price of the material furnished by them, obtained judgment with recognition of their lien upon the building, seized it under execution, and at the sheriff's sale, Wang, the plaintiff, bought it. This sale took place on the thirteenth of January, 1869. Field, having Herman's notes secured by mortgage on the lot or square of ground for the unpaid part of the price, took out executory process and caused the property to be seized and sold, and he became the purchaser on the second of February, 1869. He refused to permit Wang to remove the building Herman had erected on the lot, and Wang sued him in this action either to deliver the building to him or pay him the value of it which he alleges is worth $1000.

The answer is a general denial. Defendant avers that he is the owner of the house claimed by the plaintiff, alleging his purchase of the entire property at the aforesaid sheriff's sale, made on the second February, 1869; that under the executory process issued on the second of December, 1868, the property was under seizure by the sheriff, and in his custody from the time of its seizure until the sale on the second of February, 1869, and that the seizure was made under executory process before the plaintiff's pretended purchase; that he could not have acquired any title to the building in question from the fact that the lot of ground and improvements upon it were under special mortgage to the defendant to secure the payment of the purchase price to him under his sale of the premises to Herman.

The judgment of the lower court was rendered in conformity with the prayer of the plaintiff's petition, and the defendant has appealed.

The plaintiff founds his right upon the article 3268 of the Civil Code: "When the vendor of lands finds himself opposed by workmen seeking payment for a house or other work erected on the land, a

separate appraisement is made of the ground and of the house, the vendor is paid to the amount of the appraisement on the land and the other to the amount of appraisement of the building."

The proceedings appear to have been irregular. The plaintiff founds his right upon the provisions of the article of the Civil Code just quoted, and yet he has failed to comply with those provisions. No separate appraisement was made of the lot of ground and the building he claims a privilege upon. The building was sold separately and without any reference to the ground it stood upon; in other terms, as if there were no connection whatever between them, and no rights against both existing in other persons. Under this state of facts the sale of the house was a nullity.

It is therefore ordered that the judgment of the district court be annulled and reversed. It is further ordered that this suit be dismissed at plaintiff's costs, reserving to him and all the other parties in interest the right to renew proceedings according to law to enforce their privilege, if they have any, against the building erected on the premises by Herman.