## No. 6187.

JOSEPH HOY, TUTOR, AND NORTON AND WILL STEVEN, ASSIGNEES, VS. J. J. PETERMAN AND SHERIFF.

In this suit in injunction there is no evidence that Peterman recorded his claim as builder and mechanic, and if the judgment which he obtained in February, 1868, upon being recorded, operated as a privilege on the house seized, it was lost by permitting said house to be sold without a separate appraisement. No claim is urged by virtue of a judicial mortgage on the whole property resulting from recording Peterman's judgment, the execution being directed against the building only.

The defendant seems to rely on the acknowledgment of the claim by Hoy and his partial payment of the judgment as sufficient to preserve defendant's rights and make the dwelling responsible. This may be good cause to defeat Hoy's demand for reclamation, but will not fix a privilege on the property. Privileges are created by law, and do not arise from agreement or acknowledgment of parties.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn*, J. *R. A. Hunter*, for plaintiffs and appellees. *T. C. Manning*, for defendants and appellants.

HOWELL, J. On the twenty-ninth of February, 1868, defendant, Peterman, obtained judgment by confession against T. H. J. Bowles on a note for $1649 91, dated May 3, 1866, with interest and lien and privilege of builder on the dwelling-house of said Bowles; which judgment was duly recorded on the fifth of March, 1868. On the twenty-first of September, 1872, execution issued on this judgment, subject to a credit of five hundred dollars paid in June, 1869, and five hundred dollars paid in June, 1870, and the said house was seized and advertised to be sold on the second of November, 1872. Whereupon plaintiff, Hoy, individually and as tutor, enjoined the said sale on the ground that he and his minor children are the owners of the said house and the plantation on which it is situated, his children having inherited one undivided half thereof through their deceased mother, the sister of said T. H. J. Bowles, and he, plaintiff, having acquired the other undivided half, owned by said Bowles, at a sheriff's sale on the sixth of February, 1869; that the said

judgment against Bowles, so far as it affects the rights or property of plaintiff, Hoy, or his children, is null and void, because they were not parties thereto, and the claim on which it was founded was prescribed by the prescription of three and five years, and the privilege allowed thereon was never recorded and was lost by the prescription of six months. Hoy further alleged that, upon the assurance of his then counsel that he was liable for said claim, he paid the two sums credited on the execution, and he now asks judgment for the same on the ground that they were made in error. E. E. Norton and W. Steven, assignees, made themselves parties to represent J. Hoy individually. The defendant, Peterman, besides the general denial, averred as a defense that the dwelling-house seized was built under the direction of T. H. J. Bowles, who with his sister, Mrs. Hoy, owned the plantation, and who occupied the dwelling until the date of the seizure and his death; defendant specially denied the grounds of error in the payments on the judgment and asks for damages upon dissolution of the injunction.

Judgment was rendered perpetuating the injunction and dismissing the moneyed demand of plaintiff, from which Peterman appealed. Plaintiffs ask amendment of the judgment.

The evidence shows that the plantation on which the house in question was built by Peterman was owned in common by T. H. J. Bowles and his sister, Mrs. Hoy, the latter residing in New Orleans, and the former on the plantation. In 1860 Bowles employed Peterman by the month to do the work. In May, 1862, Bowles gave his note for $1212 to Peterman for the amount due, which was several times renewed with interest added until the one was given in 1866 for $1649 91, on which judgment was obtained by Peterson against Bowles on confession. In 1863 Mrs. Hoy died leaving two children. On the twenty-ninth of February, 1868 (the day he confessed judgment in favor of Peterman), Bowles confessed judgment also in favor of Hoy for over ten thousand dollars, and on the sixth of February his undivided half of said plantation, improvements, and appurtenances were adjudicated by the sheriff to Joseph Hoy for something over seven thousand dollars, which was credited on his, Hoy's, judgment. On the day before this sale, Peterman filed a petition of third opposition averring his privilege on the dwelling-house on said plantation and asking simply that the sheriff retain enough of the proceeds to pay his claim. After this sale Bowles remained on the property as manager for Hoy until his death.

There is no evidence that Peterman ever recorded his claim as builder and mechanic, and if the judgment in February, 1868, upon being recorded, operated as a privilege on the house, we think it was lost by permitting the house to be sold without a separate appraisement. R. C. C. 3228, 3268. No claim is urged by virtue of a judicial mortgage on the

whole property resulting from recording Peterman's judgment, the execution being directed against the building only. The defendant, however, seems to rely on the acknowledgment of the claim by Joseph Hoy and his partial payment of the judgment as sufficient to preserve defendant's rights and make the dwelling responsible. This may be good cause to defeat Hoy's demand for reclamation, but will not fix a privilege on the property. Privileges are created by law, and do not arise from agreements or acknowledgments of parties.

We think the lower judge has done substantial justice between the parties.

Judgment affirmed.