LAND, J.
This suit was instituted for the purpose of having a judicial sale of the Anna plantation decreed null and void and of no effect. Plaintiff in his original petition alleged that he was a creditor of the owners to the amount of $1,006.56, and had a recorded privilege, as a furnisher of materials and supplies, on the sugar house, machinery, and one acre of ground upon which the same was situated, forming a part of said plantation; that petitioner intervened in the foreclosure proceedings in suit of C. W. Coleman v. Susan Delaune et al., and prayed for an order directing a separate appraisement of the property on which his privilege rested, and that the proceeds of the sale be held by the sheriff until the further orders of the court, and that said order was granted by the district judge; that notwithstanding said order the said plantation was sold as an entirety to one Jules Bloch for $10,000, which was about one-fifth of the real value of the same; and that thereby plaintiff was defrauded of his just rights and privilege. The petition alleged that the sale made under the circumstance detailed was illegal, null, and void, and should be set aside, and prayed for citation to the seizing creditor, the purchaser, the sheriff, and the owners of the plantation.
Defendants Coleman and Bloch filed an exception of no cause of action, and subsequently, reserving the benefit of their exception, answered. They admitted in their answer that an appraisement was ordered as alleged by plaintiff, that the plantation was sold as a whole without any appraisement of the sugar house, etc., as ordered by the court, but averred that plaintiff was in fault in not seeing that the property was separately appraised and sold. Defendant further averred that soon after the date of the said sale they proposed to plaintiff to have the appraisement made as ordered, and to deposit with the sheriff funds sufficient to pay plaintiff’s entire claim, should the court hold that he was entitled to judgment on his opposition.
Defendants further averred that plaintiff, having been offered a separate appraisement, and the sheriff holding funds to pay his claim, if any he had, is without interest to demand the annulment .of the sale. Defendants further averred that plaintiff, having intervened in the proceedings and asked to be paid out of the proceeds of the sale, is estopped to demand its nullity. The answer further averred that plaintiff had no privilege on any part of said plantation and was not entitled to a separate appraisement and sale because his original claim was not sworn to and recorded according to-law, and, further, because it was prescribed at the time it was merged into judgment.
Plaintiff filed an amended petition, charging collusion between the seizing creditor, the purchaser, and the father of the owners of the plantation, and alleging that the latter caused the mortgage to be executed under-which the property was sold, and procured the foreclosure of said mortgage for the- *411 sole purpose of divesting the ownership of his children and placing the ownership in the name of his present wife. The petition further charged that the purchaser was a party interposed with the view of passing title to Mrs. Shaffer, who had a short time previously secured a judgment of separation of property, which was a part of the fraudulent scheme.
The petition further alleged that the property was offered without appraisement at a time when no one was present to bid on the same, and that Jules Bloch bid it in at the price of $10,000; that the property was worth five times the amount of said bid; that the sugar house alone could not be erected for less than $35,000 or $10,000; and that the plaintiff was ready to pay $10,000 for the sugar house and remove the same from the plantation.
The amended petition finally charged that the property is worth an amount sufficient, if appraised and sold according to the directions of the court, to pay the debt under which it was foreclosed, to discharge the debt due plaintiff, and leave a large surplus.
Plaintiff died pendente lite, and his widow in community and children were made parties.
A second amended, petition was filed, alleging a combination and agreement between the seizing creditor, Coleman, Jules Bloch, and Mrs. Shaffer and her husband that there should be no contest in the bidding, upon condition that the seizing creditor should be paid the full amount of his claim, it mattered not what the property brought, and that such combination and agreement rendered the sale void and worked great injury to plaintiffs and other creditors.
On final hearing, the exception of no cause of action was overruled as 'having no application in this case, but belonging properly to the intervention and third opposition filed by plaintiff in the foreclosure suit; and on the merits plaintiff’s action was dismissed. Plaintiff appealed.
In this court, Coleman, Shaffer, and Bloch filed a motion to dismiss the appeal for want of jurisdiction ratione materife. The same three defendants filed an answer to the appeal, praying that the judgment be amended by sustaining the exception of no cause of action and by allowing the evidence offered, and tending to show want of registry of the privilege claimed by plaintiff. The judgment debtors, most of whom were majors, made no appearance in the lower court. We assume that as to them issue was joined by default.
Motion to Dismiss.
Plaintiff’s action to annul the judicial sah is not the revocatory action, technically sc called, which presupposes a conveyance bj the debtor in fraud of creditors. Logan v. Herbert, 30 La. Ann. 733. Such a suit is in the nature of a petitory action. Spencer v. Goodman & Bradfield, 33 La. Ann. 898. According to the doctrine enunciated in those cases, plaintiffs are exercising the rights and actions of their debtors, and the character of the action must be viewed from that standpoint. If the judicial sale should be annulled, the title of the purchaser will be divested in toto, and consequently the ownership of the entire plantation will he reinvested in the judgment debtors. Hence the value of the plantation is the matter in dispute. The motion to dismiss is therefore overruled.
On the Merits.
On March 2, 1903, a writ of seizure and sale issued in the suit of O. W. Coleman v. Susan Delaune et al., commanding the sheriff to seize and sell the Anna Plantation, with the sugar house,, farming implements, and all other buildings and improvements thereon, for cash without the benefit of appraisement, to pay and satisfy a mortgage *412 note for $8,000, with interest, attorney fees, and costs.
The seizure was made and the sale advertised pursuant to the writ, when on March 6, 1903, Antoine Moresi filed a third opposition in the executory proceedings, claiming a lien and privilege, superior in rank to that of the seizing creditor, upon the sugar house, machinery, and one acre of ground upon ■which the same was situated. This lien and privilege was claimed under an alleged judgment for $1,006.56, rendered on February 9, 1903, against defendants in execution, and recognizing third opponent’s privilege as of date August 6, 1898, by virtue of its recordation. Opponent prayed for an order for a separate appraisement of the property' on which he claimed a privilege, and that the sheriff “be ordered to retain in his hands the proceeds of said sale or a sufficient amount thereof to satisfy petitioner’s claim of $1,006.56, with o per cent, per annum interest from August 6, 1898, together with costs.” The order issued as prayed for. It is to be noted there was no prayer or order that the sugar house, etc., be sold separately. .
In August, 1903, the plantation was sold for cash without the benefit of appraisement, pursuant to the original order of the court, and was adjudicated to Jules Bloch at the price of $10,000, the amount of his bid. The sugar house was not separately appraised, but the return of the sheriff shows that he retained in his hands the sum of $1,261.40 to satisfy the claim of the third opponent. The evidence shows that soon after the sale the attorney for the purchaser and other parties in interest offered to have the sugar house, etc., appraised, but that this offer was declined by plaintiff, and thereupon the purchaser deposited with the sheriff the amount above stated to await the further orders of the court. In a similar case this court in a well-considered opinion held that such appraisement may be made after the sale. Succession of Lenel, 34 La. ;Am. 868. Hence plaintiff’s remedy was not by suit to annul the sale, but by an application for a separate appraisement.
It is apparent, we think, that plaintiff’s counsel realized the weakness of this ground of nullity, and therefore amended his pleadings so as to raise other issues. It is not shown that the failure of the sheriff to make the appraisement was attributable to defendants herein. In our view such appraisement prior to the sale was not required, and is therefore not material to the issues in controversy. It is only on the theory that plaintiff has no privilege against third persons, and therefore no right to the funds retained by the sheriff, that it can be maintained that he has any interest to annul the judicial sale in question. The plaintiff, as a judgment creditor holding a judicial mortgage on the property, has an interest to annul the sale on the grounds of fraud set forth in his amended petitions. We take it that it is incumbent on him to establish with reasonable certainty the fraudulent combination alleged, and to prove that as a result of the same he was injured in his rights as a creditor. His third opposition necessarily admits the validity of the proceedings prior to the sale and the right of Coleman to have the property sold without the benefit of appraisement. Plaintiff was not present at the offering. It is not shown that any third person was deterred from bidding, or that any of the mortgage creditors, except Shaffer, had any desire to purchase the property.
All of the evidence as to this alleged combination is contained in the testimony of C. F. Borah, attorney for defendants. Jules Bloch was interested in the property to the extent of about $1,000. Coleman and Baldwin were the holders of mortgage notes, and Borah told them that be had arranged with Bloch to buy in the property at a price sufficient to pay their claims. These creditors were satis *413 fled with this assurance of Borah, who had been their legal adviser in the matter of their purchase of the mortgage notes.
A Mr. Hanson had also a mortgage claim against the place, and Bloch agreed to satisfy it by a transfer of the merchantable timber thereon. Bloch also agreed with Shaffer to convey the property to Mrs. Shaffer, less the timber thereon necessary to satisfy the Hanson claim. On the day of sale Bloch was the only bidder, and the plantation was adjudicated to him at the price of $10,000. He carried out the agreement with the other creditors in good faith. He paid off all the special mortgages prior in rank to the mortgages held'by Shaffer at a cost of about $18,000, and conveyed the timber to Hanson in satisfaction of his claim. Bloch then conveyed the property to Mrs. Shaffer for $18,000 payable on terms of credit, and her husband canceled all the mortgages he held against the plantation.
The evidence is somewhat confused, but we infer from Borah’s testimony that the aggregate of the recorded mortgages priming the judicial mortgage of plaintiff amounted to about $40,000. Plaintiff could expect nothing unless the property brought a price exceeding the aggregate amount of prior mortgages. We do not think that the arrangement referred to can be construed as an undertaking to prevent competitive bidding on the property. Shaffer was the only creditor who desired to purchase, and there was nothing done to deter the public from bidding.
The disposition made of the property by the purchaser, pursuant to agreement with a mortgage creditor, cannot affect the validity of the judicial sale made under a valid mortgage and in accordance with its terms. Even such an agreement between the seizing creditor and the debtor is valid. Amato v. Ermann & Cahn, 47 La. Ann. 967, 17 South. 505; Davis v. Citizens’ Bank, 39 La. Ann. 523, 2 South. 401.
The evidence fails to prove the alleged fraudulent combination and conspiracy to defraud the plaintiff.
Judgment affirmed.