LECHE, J.
The Rosedale plantation, situated in the parish of Assumption, was sold March 25, 1912, and adjudicated to Emil Sundberry under foreclosure of a mortgage recorded April 6, 1906, in the suit of Emil Sundberry v. Chauffe Bros. At the time this sale took place there also was of record, of date May 7, 1910, a written contract, entered into between John H. Murphy, third opponent in the present proceeding, and the Rosedale Planting Company, then owners of said Rose-dale plantation, whereby said Murphy was to reconstruct and repair a vacuum pan attached to, and forming part of, the sugar factory on said Rosedale plantation. The price of adjudication at the sale of March 25, 1912, was less than the amount claimed by, and due to, Emil Sundberry. Although there was then also due to John H. Murphy a balance on the contract of May 7, 1910, he took no steps, by third opposition or otherwise, to enforce his privilege by a separate appraisement when the property was sold in that proceeding. A deed was, in accordance with the adjudication, made to Emil Sundberry; and a few days later, on April 6, 1912, Sundberry sold the said Rosedale plantation to the Bertie Sugar Company upon terms of credit, secured by vendor’s lien and special mortgage.
The notes of the Bertie Sugar Company, given in representation of the purchase price of said 'Rosedale plantation having become due and remaining unpaid, Emil Sundberry, holder thereof, again obtained an order for executory process on February 2©, 1914, against the said Bertie Sugar Company. Thereafter, on April 18, 1914, John H. Murphy filed a third opposition, claiming a superior privilege over Sundberry, on the Rose-dale sugar house and the acre of ground upon which it stands, by virtue of his recorded contract of May 7, 1910.
The Court of Appeal, affirming the judgment of the district court, held that when Sundberry acquired the Rosedale plantation by the foreclosure sale of March 25, 1912, he acquired it subject to the privilege claimed by Murphy; that Murphy’s privilege continued to exist against the property; that it was not lost by Murphy’s failure to assert it in the foreclosure suit of Sundberry v. Chauffe Bros.; and that a separate appraisement of the sugar factory and the acre of ground upon which the privilege rested at the second adjudication, on April 18, 1914, was not required or necessary. Such is the judgment which is now before us for review.
Opinion.
The question to be decided is whether a creditor who claims a privilege on a sugar factory together with the acre of ground on which it stands, forming part of a sugar plantation, the whole of which is subject to an antecedent mortgage, who permits the mortgage holder to foreclose and sell the whole property as a unit, and who takes no action, files *703 no opposition, and does not ask for a separate appraisement of the part on which he claims his privilege, either before the sale, or before the proceeds of sale have gone' out of the control of the court, loses his privilege.
It is our opinion, and we find no express statutory provision to the contrary, that such a privilege is not lost, and we therefore hold that the question should be answered in the negative.
Counsel for plaintiff cites in support of the affirmative of the question the following decisions: Baltimore v. Parlange, 23 La. Ann. 365; Succession of Cox, 32 La. Ann. 1035; Succession of Lenel, 34 La. Ann. 868; Moresi v. Coleman, 115 La. 792, 40 South 168; Robinson v. Cosner, 136 La. 595, 67 South. 468; Wang v. Field, 26 La. Ann. 349; In re Connell Iron Works Co., 138 La. 702, 70 South. 617; C. C. arts. 3267, 3249.
The cases of Succession of Cox, Succession of Lenel, and Connell Iron Works relate to succession and receiver’s sales, where all the privileges and mortgages affecting the property are by law transferred and referred to the proceeds; these cases do not fulfill the condition in the question at issue, where the sale is under foreclosure of a mortgage. In the cases of Baltimore and Moresi, third oppositions were filed by the privilege holders, and the privilege was thereby also referred to the proceeds of sale. In the case of Wang v. Field it was held that a contractor could not obtain the sale of the building upon which he asserted a privilege separately from and without reference to, the ground upon which it stood. So that we can find no analogy between these cases and the one at bar. The case, however, of Robinson v. Cosner, as well as that of Hoy v. Peterman, 28 La. Ann. 290, does announce the doctrine that a contractor’s privilege, not asserted by opposition and separate appraisement in a sale under execution, is lost. It appears that in each of these cases the privilege was lost for want of proper registry, and the decisions really rest upon that ground. The court, in announcing such doctrine, which was not necessary to support its conclusions, predicated its opinion upon article 3228, C. C., which reads as follows:
“But if he [the vendor] allows the things to be sold confusedly with a mass of other things belonging to the purchaser, without making his claim, he shall lose the privilege, because it will not be possible in such a case to ascertain what price they brought.”
This article is found under the title, “Of the privilege of the vendor of movable effects,” applies solely to a vendor’s privilege upon movables, and is not authority for the extinction of a contractor’s privilege upon an immovable. Succession of Lenel, 34 La. Ann. 871.
C. C. art. 3249, cited by plaintiff, merely creates the privilege of the contractor, and articles 3267 and 3268 fix its rank in a concursus, and they are not authority for the doctrine announced in the Robinson and Hoy Cases. We are of the opinion, therefore, that what was said in these two cases with regard to the question under discussion was obiter dictum.
If, then, a contractor’s privilege upon a building and the acre of ground upon which it stands is not lost by failure on the part of the holder of the privilege to intervene and obtain a separate appraisement in a foreclosure sale of the whole property of which the building and lot only forms part, its status after such sale is to be ascertained by referring to the articles of the Code of Practice. According to articles 679 and 706 of that Code, where there exists a mortgage or privilege on the property put up for sale the sheriff shall give notice that the property is sold subject to all privileges and hypothecations, etc. Assuming that the sheriff obeyed these provisions of the Code of Practice in executing the sale of March 25, 1912, it follows that when plaintiff became the owner of Rosedale plantation by virtue of that sale *705 he took the property subject to Murphy’s privilege, which, admittedly, was superior in rank to the mortgage upon which the foreclosure proceeding was instituted.
For these reasons the judgments of the district court and the Court of Appeal are affirmed.
MONROE, C. J., dissents.