(114 So. 633)

No. 27017.

BATON ROUGE RICE MILL, Inc., v. FAIR-BANKS, MORSE & CO., Inc., et al.

Oct. 31, 1927.    Rehearing Denied Nov. 28, 1927.

*(Syllabus by Editorial Staff.)*

1. **Confusion of goods** ⬦⇒9—Lien is lost by creditor's permitting sale of property in mass with other property without requiring separate appraisement and sale.

If one having lien, privilege, or mortgage on movable or immovable property permits it to be sold in mass with other movables or immovables without protecting his right by causing separate appraisement and sale, his lien, privilege, or mortgage is lost.

2. **Mortgages** ⬦⇒589—Holder of chattel mortgage on engine installed in rice mill, by permitting sale of engine in mass with rice mill property on foreclosure of mortgage on realty, without requiring separate appraisement and sale, forfeited lien (Act No. 198 of 1918, § 4).

Chattel mortgage retained by seller of engine installed in rice mill, under Act No. 198 of 1918, § 4, even if prior to all other incumbrances, was lost and could not be enforced as against one holding engine under foreclosure of mortgage on real property and sale of rice mill property in mass, where holder of chattel mortgage permitted engine to be thus sold without requiring separate appraisement and sale.

3. **Confusion of goods** ⬦⇒9—Requirement of separate appraisement and sale in case of disposition of mortgaged property in mass with other property is implied condition of chattel mortgage.

Condition that mortgaged property, if disposed of in mass together with other property, must be separately appraised and separately sold to permit continuance of lien of chattel mortgage is condition attached by law to chattel mortgage at time of its execution, and mortgagee takes and holds mortgage subject thereto.

4. **Chattel mortgages** ⬦⇒1—Holder of chattel mortgage takes it subject to qualifications attached by law.

Holder of chattel mortgage takes it subject to qualifications attached to the contract by law at time contract is entered into.

5. **Constitutional law** ⬦⇒253—Extinguishment of right by happening of condition to which right has always been subject is not denial of due process.

When a right is extinguished by the happening of a condition to which it has always been subject, it cannot be said that owner of right has been deprived thereof without due process.

6. **Confusion of goods** ⬦⇒9—On sale of mortgaged land confusedly in bulk with other property, lien of chattel mortgage cannot attach prior to other debts.

Where mortgaged lands are sold confusedly in bulk with other property, lien of chattel mortgage cannot attach prior to other debts, as amount on which lien could attach is impossible of ascertainment.

Appeal from Nineteenth Judicial District Court, Parish of East Baton Rouge; W. Carruth Jones, Judge.

Suit by the Baton Rouge Rice Mill, Inc., against Fairbanks, Morse & Co., Inc., and others. Judgment for plaintiff, and defendant named appeals. Affirmed.

Monroe & Lemann, of New Orleans, John Fred Odom, of Baton Rouge, and Walter J. Suthon, Jr., of New Orleans, for appellant.

Taylor, Porter, Loret & Brooks, of Baton Rouge, for appellee.

LAND, J.    In the summer of 1920, while Burgin Bros. were erecting a rice mill on a tract of land owned by Robert A. Hart, they purchased an engine from Fairbanks, Morse & Co. and installed same as a part of their plant.

The credit portion of the purchase price of the machinery was paid to Fairbanks, Morse & Co. in notes secured by a chattel mortgage, executed and recorded under the provisions of Act 198 of 1918, which provides that every chattel mortgage, as soon as recorded, shall be a lien on the property mortgaged, superior in rank to any privilege or lien arising subsequently thereto.    Section 4.

In December, 1920, after the completion of the mill, Hart sold the property to John P.

and William H. Burgin, who had composed the late firm of Burgin Bros., and received in part payment certain notes secured by vendor's privilege and special mortgage upon the property conveyed.

The Burgins, on the same date, mortgaged this property to the Louisiana Trust & Savings Bank to secure an existing indebtedness of $65,000.

In April, 1921, the property passed by various conveyances and cum onere to a corporation named Burgin Bros. Rice Mill, Inc.

In the summer of 1922, Hart foreclosed his vendor's lien mortgage and the property was adjudicated to the Louisiana Trust & Savings Bank, which held the second mortgage.

The adjudicatee sold the rice mill property in July, 1922, to Baton Rouge Rice Mill, Inc., for the sum of $80,000.

Fairbanks, Morse & Co. did not make itself a party to the Hart foreclosure suit and claim by intervention that its chattel mortgage primed all other incumbrances on the property, but allowed the machinery covered by its chattel mortgage to be sold without separate appraisement and sale.

In 1923 Fairbanks, Morse & Co., in a proceeding via ordinaria, obtained judgment by default against Burgin Bros. and the individual partners, John P. and William H. Burgin, with recognition of its chattel mortgage lien.

In execution of this judgment, the machinery mortgaged was seized under a writ of fieri facias, and its sale was enjoined by the Baton Rouge Rice Mill, Inc., the vendee of the Louisiana Trust & Savings Bank.

From a judgment of the lower court holding that there was no enforceable chattel mortgage lien on the machinery, and perpetuating the injunction, Fairbanks, Morse & Co. prosecutes the present appeal.

The main issue involved in the case is whether a chattel mortgage lien survives the foreclosure of a subsequent mortgage, bearing upon real estate on which the mortgage chattels are situated.

[1, 2] Conceding, for the sake of argument, that Fairbanks, Morse & Co. had a chattel mortgage lien on the machinery in question priming all other incumbrances, under Act 198 of 1918, this lien was lost when Hart foreclosed his mortgage. It is the established jurisprudence of this state that, if one having a lien, privilege, or mortgage on movable or immovable property suffer the same to be sold in globo, or confusedly in mass with other movable or immovable property, without protecting his rights by causing such property to be separately appraised and separately sold, his lien, privilege, or mortgage is lost. Sundberry v. Bertie Sugar Co., 145 La., on rehearing, page 705, 82 So. 857; In re Connell Iron Works Co., 138 La. 702, 70 So. 617; Reusch & Co. v. Keenan & Slawson, 42 La. Ann. 419, 7 So. 589.

[3] The above condition of separate appraisement and separate sale, required by the law of this state as established by the jurisprudence of our courts, is read necessarily into every act of chattel mortgage at the time of its execution, becomes inseparable from it, and accompanies it through all the stages of its existence.

[4-6] The holder of a chattel mortgage takes it subject to the qualifications attached to the contract by law the moment the contract is formed. This is an infirmity in the mortgage itself from its inception. When a right is extinguished by the happening of a condition to which it has always been subject, it cannot be said that the owner of the right has been deprived of it without due process of law. The contention to the contrary upon the part of the chattel mortgage creditor in this case does not impress us as being sound law. Where mortgaged lands are sold confusedly in bulk with other property, the lien of a chattel mortgage cannot attach prior to the other debts, as the amount on which the lien could attach is impossible

of ascertainment. Ogden v. Saunders, 12 Wheat. 213, 6 L. Ed. 606; Boyle v. Zacharie and Turner, 6 Pet. 348, 8 L. Ed. 423; Butler v. Goreley, 146 U. S. 313, 13 S. Ct. 84, 36 L. Ed. 981, 986; Orr & Lindsley v. Lisso & Scheen, 33 La. Ann. 476.

· Judgment affirmed.