153 So. 17

## CALDWELL v. LAUREL GROVE CO. (THIBODAUX BOILER WORKS, Inc., Intervener).

### No. 31899.

Jan. 29, 1934.

Feitel & Feitel and John E. Parker, all of New Orleans, and Harvey Peltier, of Thibodaux, for intervener appellant.

Miller, Bloch & Martin, of New Orleans, for plaintiff appellee.

ST. PAUL, Justice.

Plaintiff obtained judgment against defendant for $25,000 with interest, attorney's fees, and costs and thereupon issued a writ of fieri facias, under which he seized and caused to be sold a large and miscellaneous lot of personal property belonging to the defendant.

Before the writ of fieri facias issued, intervener had taken out an attachment against the defendant under which the sheriff had seized part of the property which was afterwards seized under the writ of fieri facias.

When the property seized was about to be sold, intervener came in by rule, asserting the prior attachment and his privilege thereunder and praying that the funds to be derived from the sale be held subject to the order of court and that his claim thereon be preferred to that of plaintiff by reason of his own having been the first seizure.

But he did not ask that the property attached be separately sold or separately appraised; and all the property seized under the fi. fa. was appraised in globo and sold for a lump sum; plaintiff becoming the purchaser.

■ The trial judge held, and we think correctly, that intervener was not entitled to a preference, by reason of ha·· ng failed to ask for a separate sale or separate appraisement of the property seized under the attachment and afterwards sold for a lump sum with all the rest of the property seized under the writ of fieri facias.

■ The proceeds of the property sold under a writ of fieri facias primarily belong to the judgment creditor at whose instance the writ of fieri facias issued, and whoever claims a preference over said proceeds must show that he is entitled to such preference and must take all the necessary steps to preserve the same.

■ It has been the uniform jurisprudence of this court that an intervener or opponent who claims or is entitled to a preference on only a part of the property under seizure must demand a separate sale of such property or at least a separate appraisement thereof if a separate sale be not feasible. Hibernia Bank v. Knoll Planting & Mfg. Co., 133 La. 242, 62 So. 663; Sundberry v. Bertie Sugar Company, 145 La. 700, 82 So. 857; Baton Rouge Rice Mill v. Fairbanks, Morse & Co., 164 La. 729, 114 So. 633. The reason is that without such separate sale or appraisement it is impossible to determine the proportionate share of the proceeds to which such intervener is entitled.

■ As to the proposition that the property sold under the writ of fieri facias passed to the purchaser burdened with the privilege resulting from the attachment, that can have no application here where the intervener consented to the sale by claiming the proceeds thereof.

Decree.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., absent.