BOUTALL, Judge.
This case involves recognition of a vendor’s lien and privilege on movable property sold along with immovable property under foreclosure by a mortgage holder.
The Louisiana State Employees’ Retirement System filed a petition for executory process to seize and sell immovable property, namely the International American Motor Inn, along with the movable property, under a mortgage which consisted of a conventional mortgage of the immovable property and a chattel mortgage on the movable property inside the hotel. A number of other creditors of the mortgagor, Campo Realty Company, Inc., intervened claiming various liens and privileges arising out of the sale of the hotel equipment and services.
The record indicates that these interve-nors had entered the case for other purposes at some other time, but that they filed this intervention one-half hour prior to *1378 the scheduled sale, on September 15, 1976 asking for recognition of their vendor’s privilege and a separate appraisement and sale of the movable property in question. Intervenors did not seek injunctive relief, but instead asked for a rule nisi to show cause why a separate appraisement should not be held, why the movables should not be sold separately from the immovable property, and why the vendor’s privilege should not be ranked superior to other claims against the property. The hearing was set for September 29, 1976.
The rule was ultimately heard on November 8, 1976. On May 2, 1978 judgment was handed down which held that the privilege of one of the intervenors, Robertson Factories, Inc., was valid and primed the chattel mortgage. This claim involved drapes and valances. The judge ordered payment to Robertson Factories in the amount of $34,-344.33, plus interest and costs out of the proceeds of the sale. All other claims were held to rank after the chattel mortgage and to have lost the privilege. The only question before us is the appeal by the State Retirement System from the judgment awarded to Robertson Factories, Inc.
A consideration of the evidence in the record convinces us that the privilege of Robertson Factories as to the drapes and valances was valid and would have primed the chattel mortgage. The record does not support appellant’s contention that the privilege was lost because the property was sold by the original purchaser, nor does the evidence support the argument that the property has become immovable by destination and cannot be the subject of a vendor’s privilege. We find, however, that the vendor’s privilege was lost by the absence of a separate appraisement of the movable property before the sale.
Civil Code Article 3228 reads as follows:
“Art. 3228. But if he allows the things to be sold, confusedly with a mass of other things belonging to the purchaser, without making his claim, he shall lose the privilege, because it will not be possible in such a case to ascertain what price they brought.”
A long standing line of jurisprudence in Louisiana has applied this article in situations like the present one to hold that the vendor’s privilege is lost when the holder of the privilege allows the movables to be sold in a lump along with other items without separate appraisement. Caldwell v. Laurel Grove Company, 153 So. 17 (La.1934); Weber v. Press of N. H. Cornay, Inc., 144 So.2d 581 (La.App. 4th Cir. 1962).
We find that Robertson Factories did not properly make out its claim by the filing of an intervention one-half hour before the judicial sale. Article 1092 of the Code of Civil Procedure gives a third person claiming a privilege of property seized the right to assert his claim by intervention. The article goes on to state:
“ * * * When the intervener claims a mortgage or privilege only on part of the property seized, and the intervention is filed prior to the judicial sale, the court may order the separate sale of the property on which the intervener claims a mortgage or privilege; or if a separate sale thereof is not feasible or necessary, or the intervener has no right thereto, the court may order the separate appraisement of the entire property seized and of the part thereof on which the intervener claims a mortgage or privilege.”
Because of the late filing, it was impossible to order separate appraisement or sale without enjoining the impending sale. The intervenors did not, however, petition the court for an injunction or show what the appraised value might be either before the sale or at the later hearing. In light of the above jurisprudence it would set an unwise precedent for this court to allow the privilege to continue even though the intervenor does not take proper steps to preserve it. The Intervenor gains an unfair advantage by the lack of a separate appraisement.
The judgment awarded Robertson Factories full value of the drapes and valances at the time of the original sale agreement. On the day of the judicial sale, the items had been in use for more than 2 years. In order to make out a claim for *1379 which relief may be granted, the intervenor must not only prove the existence of his privilege, but also the amount to which he is entitled. Since no separate appraisement was made before the judicial sale and since no evidence appears in the record as to the value of the movables on the date of the judicial sale, we cannot grant relief to the intervenor. We note that intervenor’s privilege does not allow him the original sale price of the movables but only the right to be paid out of the proceeds of the Sheriff’s sale the amount realized from the movables which stood as security under his privilege. We cannot allow a claimant to obtain a more favorable result by failing to properly assert his claim than he would have had he properly asserted it.
For the above reasons, the judgment in favor of intervenor Robertson Factories, Inc. is reversed and judgment is entered denying their claim from the proceeds of the sale. All costs of both courts to be assessed against Robertson Factories, Inc.

REVERSED AND RENDERED.