# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2021

Lyle W. Cayce
Clerk

No. 21-30275

Edward Dandridge; Delta Safety Driving School, L.L.C.,

*Plaintiffs—Appellants*,

*versus*

Karen G. St. Germain, Individually and in her Official Capacity as Commissioner of the Office of Motor Vehicles,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CV-529

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

The court has carefully considered this appeal in light of the briefs and pertinent portions of the record. Having done so, we find no reversible error

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30275

of fact or law.  We AFFIRM the judgment.

Appellants contend that their procedural due process rights were violated when the Louisiana Office of Motor Vehicles (the "OMV") failed to renew their operating license without a hearing.  For eight years, the OMV periodically renewed their license pursuant to the terms of a standard contract that provided a two-year term.  Also included in the contract was an explicit reservation of the OMV's right to not renew upon the expiration of the agreement.  In 2018, the OMV decided not to renew Appellants' license and provided written notice.  In dismissing the case on summary judgment *sua sponte*, the district court found that Appellants had not been deprived of due process because they did not have an ongoing property interest in the renewal of their operating license under Louisiana law.

Appellants do not have a property interest in the renewal of their license when the license was provided on the express condition that it might not be renewed in the future and when there are no governing statutes that conflict with this contractual reservation.  *See Baton Rouge Rice Mill v. Fairbanks, Morse & Co.*, 114 So. 633, 634 (La. 1927) ("When a right is extinguished by the happening of a condition to which it has always been subject, it cannot be said that the owner of the right has been deprived of it without due process of law."); *see also Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 578, 92 S. Ct. 2701, 2710 (1972) (holding that an untenured professor employed for a fixed term lacked a property interest in his position after his contract expired in part because the "terms" of his appointment "secured absolutely no interest in re-employment for the next year").  The Louisiana authorities cited by Appellants are not to the contrary.  *See, e.g., Anderson v. Orleans Par. Sch. Bd.*, 340 F. Supp. 2d 716, 720–21 (E.D. La. 2004) (recognizing that an applicable statute was the source of the superintendent's property interest in a fixed term and holding that the statute overrode the conflicting contract provision); *Palmer v. Louisiana State*

2

No. 21-30275

*Bd. of Elementary & Secondary Educ.*, 2002-2043 (La. 4/9/03), 842 So. 2d 363, 370–71 (acknowledging that "a probationary teacher is not entitled to a constitutionally protected interest in the renewal of their contracts").

For the foregoing reasons, we AFFIRM the judgment.