The opinion of the court was delivered by
Miller, J.
This appeal is by the accused from the sentence for murder without capital punishment.
The jury drawn for the term at which the accused were convicted was set aside by the lower court on the ground that no notice of the drawing of the jury had been given the jury commissioners, and because all of them were not present at the drawing; the lower court-reconsidering and reversing its previous ruling sustaining the venire. Subsequently, on the third day of the term, the court ordered another drawing, and from this second drawing the grand jury was empaneled that indicted the accused and the petit jury selected that convicted. On behalf of the accused the motion to quash the indictment and the venire was made on the ground there was no authority for the second drawing of jurors after the term had begun and the regular venire had been set aside. The motion was overruled, and the *1577 question on this appeal is whether the motions should have been, sustained.
The jury (Act No. 99 of 1896) provides that thirty days prior to the beginning of every jury term the jury commissioners shall draw from the general venire box the jurors required for the first week of the term, with the power to draw additional jurors if deemed requisite for the succeeding weeks of the term; the ballots for each separate week are to be placed in envelopes endorsed with the week for which they are drawn, the whole to be placed by the clerk and. the commissioners in the jury box, sealed and locked, delivered to the clerk to be kept by him for use at the next term of court, a record is directed to be made by him of the drawing, specifying the weeks for which the jurors are drawn, and the statutes require pub-' lication of the lists of the drawn jurors to be published in the official journal of the parish or by posting on the court house door. Another section of the act provides that whenever the District Judge thinks proper he shall require the jury commissioners to select additional, jurors for. service either as regular jurors or as talesmen pursuant to, the formalities prescribed by the above quoted section. Act No. 99 of 1896, Secs. 5,,7.
The construction placed on this jury act by the lower court, óf con-' ferring the power to order the second venire, is supported by the public policy of avoiding the postponement of all criminal cases' to another term, whenever the regular venire is set aside. It may-well be presumed that the Legislature was guided by this consideration of the public interest when, after providing fo rthe drawing of thei regular or first venire, it gave the.court power to require the jury commissioners to select 'additional jurors'to be summoned without delay,, or within the delay fixed by the court. If the right exists to summon additional jurors for immediate service whenever the urgency ini the judgment of the court arises, it would seem to be a rigid construction of a remedial statute to deny any operation of the powen when the court finds it necessary to set aside the entire venire drawn' for the term. It is contended for the accused that the interpretation adverse to the legality of the second venire has been sanctioned by previous decisions, construing the analogous jury Act No. 44 of 1877. In the State vs. Vance, 31 An., p. 399, the first venire was set aside,.another drawn' after the beginning of the term, and to the indictment by the gr.and jury formed from the second drawing the ac- *1578 eused excepted to the pleading on the ground the term had lapsed. The court held there was no lapse. The accused then moved to quash the venire for irregularities in the drawing, but not on any objection to the right of the- court to order the.second venire. The court held first that the motion was in time, and then maintained the motion, because the clerk had not taken the oath before participating in selecting the names in the general venire box. The question in this case did not arise. In State vs. Revells, 31 An., p. 387, after the court had set aside the first venire on the objection made to the drawing, the accused in another case was ruled to trial on an indictment found by the grand jury drawn from the venire that had been set aside, and the petit jury was drawn from the same source. This court held the conviction void, and a similar decision was made in the State vs. Smith, 31 An., p. 406. In neither case was there any determination of the question now presented.
“ Additional,” used to designate the second drawing of jurors the court is empowered to direct, we do not think is to be understood as ■excluding the drawing made necessary by the setting aside the regular venire. The purpose of the legislator we must recognize in construing the jury act was to provide for jurors whenever necessary to dispatch the business of the term. That purpose is defeated by the technical construction that denies the right to call other jurors when the entire venire drawn for the term is set aside. This rigid interpretation of the prefix additional must yield in our opinion to that more liberal interpretation that fulfils the legislative Intention.
It is claimed that the second venire was illegal because not preceded by the publication of the jury list for thirty days before the term. As the second venire is to be drawn in term time and for immediate service, the requirement of thirty days’ publication for the regular drawing can not be required for the second venire. When the section requires the additional jurors to be drawn in conformity with the requisites for the regular drawing, reference is intended to the other formalities to secure the integrity of the drawing specified in the fifth, section of the act, but not to exact the impossibility of a thirty-day publication.
Our view of the construction of this act is sustained in State vs. Wright, 41 An. 600, construing the similar provision in the jury Act No. 44 of 1877. The objection considered in that ease was that the *1579 court had no power to summon additional jurors after the term had commenced and after the arraignment of the accused. The act of 1877 required the drawing of the regular venire fifty days, and the jury act of 1896, substitutes thirty days before the opening of the term for the drawing of the jury. In that case there had been no setting aside of the regular venire. Still the court gave weight to the obvious policy of the statute in conferring power to call additional jurors for the business of the court not foreseen before the term when the regular venire was drawn. We do not feel at liberty so to narrow the act of 1896 as to leave no power to provide jurors during the term for the unforeseen contingency of the displacement of the regular venire.
It is therefore ordered, adjudged and decreed that the sentence of the lower court be affirmed.