ROGERS, J.
The accused, indicted for murder, was found guilty of manslaughter, and sentenced to imprisonment at hard'labor in the penitentiary for not less than 8 nor more than 15 years, and to pay a fine of $1,000, subject to such cummutation as allowed by law, and costs. From the verdict and sentence, defendant prosecutes this appeal, relying upon three bills of exception.
Bill No. 1 was reserved to the overruling of an objection to that portion of the charge delivered by the trial judge wherein he said:
“I charge you that the 'mere spitting of tobacco juice on the floor or window of a poolroom will not justify the killing of a man, nor will the mere spitting of tobacco juice on the floor or window of a poolroom reduce an unlawful killing from murder to manslaughter.”
The basis of the objection was that the charge was a “direct comment” upon the facts of the case.
It is shown by the judge’s per seuriam that it was the theory of the state that the only reason for the homicide was the spitting by the deceased of tobacco juice on the floor and window of a poolhall, while the defendant justified the killing on the ground of self-defense.
The trial judge charged the law applicable to the state’s theory of the case, and he also charged the law applicable to the plea of self-defense. He did not review the evidence, so as to influence the verdict on the facts, nor did he express any opinion as to what facts had, or had not, been proven.
*12 We find the charge complained .of unobjectionable. It is the same charge, mutatis mutandis, which received the sanction of this court in State v. Holbrook, 153 La. 1025, 97 South. 27.
Bill No. 2 was reserved to the maintaining by the trial judge of an objection made by the prosecuting attorney to a question propounded to one of the witnesses for the state on cross-examination by the attorney for the defendant. The question asked was:
“ * * * Did this negro, Lee Walker, shoot up the same hall on the 19th day of June there in Ludington?”
The hall referred to was the poolhall in which the deceased met his death at the hands of the accused. The homicide took place, as charged in the bill of indictment, on September 15, 1923; whereas, the interrogatory addressed to the witness concerned an entirely different transaction occurring some three months prior thereto.
The purpose of propounding the question is not set forth in the bill of exception. The only possible purpose, however, counsel for defendant could have had in mind, was to establish by the testimony sought to be elicited that the deceased was a dangerous man, and to impugn his character for peace and quietness.
The evidence was properly excluded. Testimony of a specific act of violence cannot be admitted as tending to show that the victim of a homicide was of a turbulent and vicious disposition, and to irhpugn his character for peace and quietness. In that respect, the evidence must be confined to his general reputation.
The testimony was inadmissible on the further ground, as shown in the judge’s per curiam, that, under his plea of self-defense, defendant had failed to lay the proper foundation for the admission of such testimony, by first showing a hostile demonstration or an overt act on the part of the deceased. On this branch of the case the trial judge shows that the testimony established, beyond any reasonable doubt, that the deceased was shot while he was standing, with his hands in his pockets, watching a pool game; that the defendant without warning dropped a tobacco box on the floor, stooped to pick it up, and came up shooting; that the deceased was shot twice in the right side,'the bullets coming out through the left side.
Bill No. 3 was reserved to the refusal of the judge to grant a motion for a new trial. 'The grounds urged in the motion are the same relied upon in Bills Nos. 1 and 2, and have been disposed of unfavorably to defendant’s contentions in our consideration and decision of the points raised under said bills.
Judgment affirmed.
O’NIELL, O. J., dissents.