I So.2d 62

## STATE v. CARTER.

### No. 36049.

March 3, 1941.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen., J. Vernon Sims, Dist. Atty., of Oak Grove, and Harry N. Anders, Asst. Dist. Atty., of Winnsboro, for the State.

Warren Hunt, of Rayville, for defendant-appellant.

LAND, Justice.

The defendant, indicted for the murder of John Lee Gibson in the Parish of Richland, was tried by jury, found guilty of manslaughter, and, after the overruling of a motion for new trial and a motion in arrest of judgment, was sentenced to serve at hard labor in the State Penitentiary at Baton Rouge, Louisiana, for a period of not less than five and not more than fifteen years.

On appeal from the conviction and sentence against him, defendant presents for consideration by this court six bills of exceptions. Bills Nos. 1, 2, 3 and 4 were reserved to the ruling of the judge a quo in refusing to admit in evidence certain prior threats made by deceased against defendant.

The reason for the exclusion of such testimony is stated by the trial judge in full as follows: "There was absolutely no evidence of any assault or hostile demonstration except from the defendant. The tragedy occurred in the streets of Delhi in daytime. There were 4 to 6 witnesses, several of the very highest standing in the community, and in whom the court has the greatest confidence, who swore that defendant shot deceased in the back in cold blood. The testimony of the accused is entirely opposed to all the facts and circumstances in the case. The court could not and did not believe the evidence of defendant and therefore sustained the objection." See per curiams to Bill of Exceptions No. 3, Tr. p. 20; and Bill of Exceptions No. 4, Tr. p. 21; and Bill of Exceptions No. 1, Tr. p. 18.

It is provided in Article 482 of the Code of Criminal Procedure of this State that: "In absence *of proof* of hostile demonstration or of overt act on the part of the person slain or injured, evidence of his dangerous character or of his threats against accused is not admissible." (Italics ours).

We find no error in the ruling of the trial judge in excluding evidence of threats against the accused, in the absence of proof of hostile demonstration or of overt act on the part of deceased, at the time of the killing. Such is the settled jurisprudence of this court. State v. Dreher, 166 La. 924, 118 So. 85; State v. Williams, 155 La. 9, 98 So. 738; State v. Joiner, 163 La. 609, 112 So. 503; State v. Wilson, 168 La. 903, 123 So. 614; State v. Sharpe, 170 La. 69, 127 So. 368; State v. Smith, 171 La. 452, 131 So. 296; State v. Richardson, 175 La. 823, 144 So. 587; State v. Jones, 175 La. 1066, 145 So. 9.

Proof of overt act or hostile demonstration, upon the part of the deceased at the time of the killing, must be made to the satisfaction of the trial judge before defendant may introduce evidence of prior threats by deceased, subject to appellate review. State v. Maines, 183 La. 499, 164 So. 321; State v. Handy, 183 La. 653, 164 So. 616; State v. Boudreaux, 185 La. 434, 169 So. 459; State v. Thornhill, 188 La. 762, 178 So. 343; State v. Bridges, 175 La. 872, 144 So. 602; State v. Scarbrock, 176 La. 48, 145 So. 264; State v. Washington, 184 La. 544, 166 So. 669.

Bill of Exceptions No. 5 was reserved to the overruling of the motion for

a new trial. The basis of the motion is the allegation that the verdict is contrary to the law and the evidence, and presents nothing which this court may review under its appellate jurisdiction, which is restricted to questions of law alone.

Bill of Exceptions No. 6 was reserved by defendant to the overruling by the trial judge of the following motion in arrest of judgment: "And now, after verdict against the said Virgil E. Carter, and before sentence, comes the said Virgil E. Carter through his Attorney, Warren Hunt, and moves the Court here to arrest judgment herein, and not pronounce the same because of the *manifest errors* in the record appearing, to wit:

"That the overruling of the motion for a new trial herein is erroneous, and the proceedings as reflected by the minutes of this Court show the accused to have been convicted without due process of law, and contrary to the procedure prescribed by the laws of the State of Louisiana, and because no judgment against him, the said Virgil E. Carter can be lawfully rendered on said record." (Italics ours.)

The Code of Criminal Procedure of the State provides as to motions in arrest of judgment as follows: "A motion in arrest of judgment lies only for a substantial defect, patent upon the face of the record." Article 517.

"No defect that is merely formal, or cured by verdict, or that can not be ascertained without an examination of the evidence, is good ground for arresting judgment." Article 518.

Defendant has failed to point out in the motion in arrest of judgment any substantial defect patent upon the face of the record with any degree of particularity and, in discussing in his brief Bill No. 5, reserved to the overruling of the motion for new trial, and Bill No. 6, reserved to the overruling of the motion in arrest of judgment, merely states that "Bills of Exception 5 and 6 are formal only and require no discussion." Defendant's Brief, page 6.

The motion in arrest of judgment in this case is leveled at the entire proceedings, including the rulings of the trial court, which were bases of bills of exceptions which were denied. State v. Gill, 186 La. 339, 172 So. 412. The motion in arrest of judgment was properly overruled.

The conviction and sentence appealed from by defendant are affirmed.

O'NIELL, C. J., dissents for the reasons given in his dissenting opinion in State v. Thornhill, 188 La. 762, 178 So. 343.