MOISE, Justice.
The defendants, William H. Knight and Frank Scianna, appeal from a judgment of conviction and sentence for the crime of manslaughter.
During the course of the trial, twelve Bills of Exception were perfected.
Bill of Exception No. I
This Bill was taken because the trial court refused to quash or dismiss the petit jury venire.
The special jury venire, from which the petit jury was to be selected, was drawn by the Jury Commission at the order of the trial court.
In his per curiam, the trial judge states that he sustained a previous motion to quash the petit jury venire on the ground that it was not drawn in compliance with the provisions of LSA-Revised Statutes 15:181, and that because of the exhaustion of the regular panel it was, therefore, incumbent on him to order a special jury term of court.
Counsel for the defendants argues:
1. That Revised Statutes 15:181, being Section 2 of Act No. 158 of 1952, of the State of Louisiana, was not complied with, and said selection was made contrary thereto;
2. That the general venire, from which the petit jury was drawn, was not constituted and kept according to Revised Statutes 15:179 of the State of Louisiana;
3.Further, that there is no provision under the Constitution and laws of the State of Louisiana, statutes, legislative acts, or otherwise, providing for a special jury term of court, and for the drawing of a special jury in criminal cases. Article 633 of Dart’s Louisiana Code of Practice having been expressly repealed by Act 158 of the Acts of Legislature of the State of Louisiana for 1952, which now constitutes Revised Statutes 179, 180, 181 and 182.
Article VII, Section 43, of LSA-Constitution of 1921 provides:
“District Courts, the Civil District Court and the Criminal District Court for the parish of Orleans excepted, shall hold continuous sessions during ten months of the year. All district courts for the parish of Orleans shall hold continuous sessions during nine and a half months of the year. In each district composed of more than one parish, the judge shall sit alternately in each parish, as the public business may require. * * *”
In the case of State v. Freddy, 118 La. 468, 43 So. 53, 54, this Court stated:
“The judge is not only authorized to hold court at any time in any parish of his district, when public interest may require it, but, also, whenever he thinks *746 proper to order the commission to draw additional jurors for service during any session of the court or during a continuous session.”
Since the judges of the district courts are empowered to hold continuous terms of court for ten months of the year, it follows that they have the authority to perform all functions necessary to discharge their duties. An order to the jury commission to draw additional jurors would be such a duty.
LSA-Revised Statutes 15:185 provides:
“The judge may at any time order the drawing of additional jurors and designate the number to be drawn, for the trial of criminal cases at a regular, continuous or special session of court; provided, that said jurors shall be drawn pursuant to the formalities herein provided for the drawing of the regular venire, except that no publication of the list of jurors so drawn need be made.”
In the case of State of Louisiana v. Anderson, 49 La.Ann. 1576, 22 So. 817, this Court, in interpreting Act 99 of 1896 (the source of the above statute), stated:
“The construction placed on this jury act by the lower court, of conferring the power to order the second venire, is supported by the public policy of ■avoiding the postponement of all criminal cases to another term whenever the regular venire is set aside. It may well be presumed that the legislature was guided by this consideration of the public interest when, after providing for the drawing of the regular or first venire, it gave the court power to require the jury commissioners to select additional jurors to be summoned without delay, or within the delay fixed by the court. If the right exists to summon additional jurors for immediate service whenever the urgency, in the judgment of the court, arises, it would seem to be a rigid construction of a remedial statute to deny any operation of the power when the court finds it necessary to set aside the entire venire drawn for the term. * * *”
The administration of justice required that the trial judge call a special jury term. It was not essential that he comply with LSA-Revised Statutes 15 :181, which requires that petit jurors be drawn immediately after the grand jurors. Such would have been impractical, because the term of the acting grand jury had not expired at the time of the drawing of the petit jury. When LSA-Revised Statutes 15:185 mentions “formalities”, it is not referring to LSA-Revised Statutes 15:181.
It is to be noted that Act 158 of 1952, ■mentioned by defendants’ counsel, was repealed by Act 303 of 1952. State v. St. Julian, 221 La. 1018, 61 So.2d 464.
In his per curiam, the trial judge further states:
*748 “ * * * Further R.S. 15:203 provides that it shall not be sufficient cause to set aside the venire because of any defect or any irregularity in the manner of selecting the jury, or in the proceedings of the jury commission, unless some fraud has been practiced or some great wrong committed that would work irreparable injury. There has been no showing in this case that any fraud was practiced or great wrong committed, in connection with the drawing and selecting of the jury that would work irreparable injury to these defendants.”
There is no irreparable injury or intimation of fraud shown, and the Bill is, therefore, without substance. State v. Jackson, 153 La. 517, 96 So. 53; State v. Claxton, 129 La. 591, 56 So, 519; State v. Iseringhausen, 204 La. 593, 16 So.2d 65; State v. Gremillion, 137 La. 291, 68 So. 615.
Bill of Exception No. II
This Bill relates, to the admission in evidence of the following question propounded to Melvin Bennett, Deputy Sheriff for the Parish of St. Tammany:
“Q. Did you leave the Court House that night? A. Sometime around 3 :30 or 4:00, they were talking about what happened in the room and I asked both defendants what happened to Jones’ shirt and sweater.” [1]-
Defense counsel objected, stating that the State had laid no predicate. The District Attorney’s answer is as follows:
“I said in the opening statements when the man’s body was found it had no shirt on and Defendants made the statement they threw the shirt and sweater out of the car near Bush, and based on that statement the officers went back before daylight and couldn’t find them, and went back the second time after daylight and found the hat but have never found the shirt and sweater.”
The law is as found in LSA-Revised Statutes 15:368:
“Though no party can be controlled in the order in which he shall introduce his evidence, yet, whenever the evidence sought to be introduced requires a foundation for its admission, such foundation must be laid before the evidence is admissible.”
The above quoted language used by the District Attorney is sufficient foundation for asking the question.
LSA-Revised Statutes 15:450 reads.
“Every confession, admission or declaration sought to be used against any one must be used in its entirety, so that the person to be affected thereby may have the benefit of any exculpation or explanation that the whole statement may afford.”.
*750 The exaction of the law was met. Therefore, this Bill of Exception has no merit.
Bill of Exception No. Ill
The trial court permitted an oral admission to be introduced in evidence. This admission was made after a lengthy examination by Sheriff Dorman A. Crowe of Washington Parish. It is said that Sheriff Crowe told the defendants that it would be better for them to tell the truth; that he promised them leniency if they confessed. This is denied by all the officers who questioned the defendants.
Despite the conflicting testimony, we cannot find where the defendants made any confession of guilt. They merely admitted that one of them had a scuffle or fight with the deceased and that after the altercation they took him to a creek to revive him. Neither admitted the killing of decedent or that he was dead when he was taken to the creek. Furthermore, when the statement was made, defendants had not even been charged with murder. Such cannot be earmarked as a confession.
There is no merit in the Bill.
Bill of Exception No. IV
This Bill was taken to the trial court’s permitting Sheriff Crowe to answer the question of whether he had interrogated defendant Knight’s mother as to whether Knight had gone squirrel hunting.
How could the defendant be prejudiced when the Sheriff’s answer was that he had not questioned Mrs. Knight in the presence of her defendant son ?
This Bill has no merit.
Bills of Exception Nos. V and X
An affinity of similarity makes it proper to examine these Bills together.
Bill of Exception No. V was taken to the trial court’s sustaining the State’s objection to questions asked Sheriff Crowe regarding statements made to him by the defendants about acts or advances which the deceased made toward them.
Bill of Exception No. X was taken to the trial court’s refusal to permit a defense witness to testify as to advances, involving moral turpitude, made to him by the deceased.
LSA-Revised Statutes 15:482 provides:
“In the absence of proof of hostile demonstration or of overt act on the part of the' person slain or injured, evidence of his dangerous character or of his threats against accused is not admissible.”
It is defendants’ contention that certain acts of the deceased constituted overt acts.
Nowhere in the record are we confronted with a plea of self-defense. Therefore, we do not feel that the trial judge abused his discretion in not admitting the evidence.
“Proof of overt act or hostile demonstration, upon the part of the deceased *752 at the time of the killing, must be made to the satisfaction of the trial judge' before defendant may introduce evidence of prior threats by deceased, subject to appellate review. * * * ” State v. Carter, 197 La. 155, 1 So.2d 62, 63. See, State v. Richard, 203 La. 772, 14 So.2d 615.
“ * * * proof of such hostile demonstration or overt act must be to the satisfaction of the trial judge, subject to review by this court. State v. Brown [172 La. 121, 133 So. 383]; State v. Scarbrock [176 La. 48, 145 So. 264].” State v. Washington, 184 La. 544, 166 So. 669.
“ * * * To constitute an overt act in law in cases of this kind, the assault or demonstration made by the person slain against an accused must be such as to create reasonable apprehension of danger in the mind of the accused at the time the fatal assault is committed. One is not excusable for taking human life except under circumstances which create in his mind a reasonable belief that he is at the moment in danger of great bodily harm or of losing his life, and that to kill the assailant is the only apparently safe means of saving himself.” State v. Brown, 172 La. 121, 133 So. 383, 386.
Under the circumstances shown, the trial judge’s ruling was proper. There is no merit to these Bills.
Bill of Exception No. VI
The above Bill was taken to the testimony of a lay witness with respect to the condition of blood on a wind breaker It is the contention of defendants’ counsel that the witness was not qualified. The witness was merely testifying as to whether the blood was dirty and as to whether it was in a dried or liquid form. Some things are self-evident and some are proven by the senses, but there are other subjects that address themselves to no palpable standard of truth but to the observation of experience.
The jurisprudence of this state holds that one does not have to testify as an expert in order to testify to matters of common knowledge or as to facts obtained by observation. State v. Soileau, 173 La. 531, 138 So. 92; State v. Burkhalter, 211 La. 342, 30 So.2d 112; State v. Crittenden, 218 La. 333, 49 So.2d 418.
Bills of Exception Nos. VII, VIII and IX
The above Bills of Exception were taken to the ruling of the trial court in permitting a wind breaker and a hat and watch, alleged to have belonged to the deceased, to be introduced in evidence.
Defendants’ counsel argues that the evidence was not relevant and was not properly identified.
LSA-Revised Statutes 15 :441 prescribes:
*754 “Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.
“Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible.”
Testimony attached to these Bills of Exception shows that the objects were identified by the officers and by relatives of the deceased. State v. James, 165 La. 822, 116 So. 199.
The relevancy of the objects is self-evident and needs no discussion.
No merit.
Motion in Arrest of Verdict
Defendants’ motion reads as follows:
“Now into Court comes William H. Knight and Frank M. Scianna and moves that this Court arrest the verdict for substantial defects patent upr on the face of the record of this cause as follows:
“I.
“That the said verdict is not responsive to the Indictment and/or charge.
“II.
“That in giving the jury written lists of responsive verdicts as required by Louisiana Revised Statutes, Title 15, 2-386 — 386-1 the District Judge only charged as follows:
“(1) Guilty as Charged.
“(2) Not Guilty”.
Defendants’ counsel argues that the judge’s instructions to the jury, relative to the responsive verdict, should have been as follows:
“1. We the jury find the defendants guilty as charged.
“2. We the jury find the defendants not guilty.
“3. We the jury find the defendant, Knight, guilty as charged.
“4. We the jury find the defendant, Knight, not guilty.
“5. We the jury find the defendant, Scianna, guilty as charged.
“6. We the jury find the defendant, Scianna, not guilty.”
In the instant case, the jury returned a verdict which reads:
“We, the Jury, find the defendants guilty as charged, and recommend leniency.”
LSA-Revised Statutes 15:386 prescribes that where an indictment charges manslaughter, the trial judge shall charge the jury that the following responsive verdicts may be rendered :
1. Guilty as charged.
2. Not guilty.
*756 LSA-Revised Statutes 15:386.1 provides that the judge shall, after charging the jury, give a written list of the verdicts responsive to the crime charged, with each of the responsive verdicts separately and fully stated. The list is taken into the jury room for use by the jury.
In overruling the motion, the trial judge correctly stated the law as follows:
“ * * * Of course there were two defendants on trial for this crime. Counsel for defendants did not request my charge in writing but in the oral charge I specifically stated to the jury and (called their attention to the facts that two defendants were on trial and that the jury had the power and authority to find either one or both guilty as charged, and they had the further authority to find either one or both of said defendants not guilty.
“I further went to the extent of explaining to the jury that they should find only that defendant guilty that they believed was guilty beyond a reasonable doubt.
“At the time I handed the jury the written verdicts on a slip of paper I further pointed out to them that I had stated on that slip of paper that the responsive verdicts they could return were either ‘guilty as charged,’ or ‘not guilty.’ And I reiterated at the time that there were two defendants on trial and that they had the authority to find either one or both of the defendants ‘guilty as charged,’ or ■ they had the authority to find either one or both of the defendants ‘not guilty.’ The jury must have understood the charge-for the reason that they found the 'Defendants guilty as charged.’ (Italics mine.)”
LSA-Revised Statutes 15:391 states:
“Every objection to the charge given, or to a refusal to charge as requested, or to a refusal to give the charge in writing, shall be by’means of a bill of exceptions reserved before the jury shall have retired to deliberate upon their verdict, and the bill of exceptions shall be accompanied by such a statement of facts as shall show the error in the charge given, or in the refusal to charge as requested, or that the request to give the charge in writing was refused.”
The record does not disclose that any Bill of Exception was taken to the trial judge’s charge. The motion in arrest of verdict was filed before sentence and after the jury had deliberated. Unless, there is error patent upon the face of the record, the motion cannot be considered. LSA-Revised Statutes-15:517.
We believe that the jury was fully-apprised of the verdicts it could render, and it was at liberty to ask for additional information. The verdict rendered shows. *758 that the jury fully understood the trial judge’s charge.
The trial judge was correct in his ruling.
Motion for a New Trial
The following is a résumé of the trial court’s ruling on the motion for .a new trial.
“The defendants filed a motion for a new trial alleging that the verdict was contrary to the law and the evidence, since I was of the opinion that the verdict was not contrary to the law and the evidence, and further, since, this ground is held by the jurisprudence to present nothing upon which the Court can pass, I did not consider this sufficient ground to grant a new trial.” See State v. Carter, 197 La. 155, 1 So.2d 62.
“The second ground was that bills of exceptions which were reserved during the proceedings show errors committed to the prejudice of the accused.” [2]
“A third ground is that defendants have discovered errors and defects in the proceedings to their prejudice which could not have been discovered with reasonable diligence before the verdict. No showing was made as to what these errors and defects consisted of, and I have disposed of every error and defect ..complained of by accused in the Per Curiam which is filed herein.”
“The fourth ground is the allegation that a stranger entered the jury room while the jury was therein and after the jury had been impaneled. While the defendants offered no testimony on this point in proof thereof, the District Attorney did place the Deputy Sheriff Riley, who was in charge of the jury, on the witness stand and his testimony reflects that on the second day of the trial, and after only eight members of the jury had been drawn, a person in the Court room did go to the door of the room in which eight members of the jury, that had been drawn, were sitting. This person attempted to open the door and go into the jury room but was stopped by Deputy Sheriff Riley without ever having communicated with a single member of the eight members who had been drawn for jury service. This incident could not possibly have caused any prejudice to the accused.
“The fifth ground sets forth that the jury while not hearing the cause slept at night in the Southern Hotel in Covington, Louisiana, not in *760 the same room, but in separate rooms not properly guarded by their custodian. ■
“While the defendants again failed to offer any proof in support of this allegation the District Attorney did place Deputy Sheriff Riley on the witness stand, who testified members of the jury did sleep in the Southern Hotel in five separate rooms with two members sleeping in three rooms and three members in two rooms. That all of said rooms were in a certain wing of the hotel and that the jurors were locked in and guarded by a Deputy Sheriff, 'being at the end of the hall of said wing, all during the night.
“The testimony satisfies me that the jury was properly kept together at night during the trial.
“The sixth ground sets forth that in giving the jury a written list of responsive verdicts as required by R.S. Title 15:386 and 386.1 I only charged the jury as follows:
“First: ‘Guilty as charged,’ and
“Second: ‘Not guilty.’
“I heretofore disposed of this ground in my reasons for overruling the motion in arrest of verdict.”
For the reasons assigned, the conviction and sentence of each defendant, William H. Knight and Frank Scianna, is affirmed.
PONDER and HAWTHORNE, JJ., absent.

. The answer does not seem responsive to the question, but' such'is the record.

. We have examined all of the bills and have found that no prejudice was committed toward the two accused.